J. P. HERNDON *v.* B. H. PICKARD *et al.*

CHANCERY PLEADINGS AND PRACTICE. *.Attachment. Non-resident.* A general creditor of a non-resident debtor may, by bill in chancery, attach the interest of his debtor in land sold by judicial sale, and subject the same to the satisfaction of his demand.

FROM MAURY.

Appeal from the Chancery Court at Columbia. W. S. FLEMING, Ch.

PADGETT & SOUTHAL for complainant.

COOPER & STOCKELL for defendants.

COOPER, J., delivered the opinion of the court.

The chancellor sustained a demurrer to this bill, and the complainant has set the case upon the unlitigated docket for reversal. Of course that docket was never intended to include cases which, in the opinion of the party who puts them on it, ought to be reversed. We have sometimes, after examining such a record, decided the rights of the parties, and perhaps this case, involving as it does the right to attach the equity of redemption in land of a non-resident debtor, the time to redeem being limited, is of the character calling for a prompt disposition.

The complainant, a citizen of ·Tennessee, is a creditor of the defendant, Pickard, a citizen of the State of Georgia, by note, dated July 29, 1879, at six months, for $100, with interest from date. The defendant was the owner of a tract of land in this State worth $800 or $1,000. S. P. Norton & Co. had recovered judgment before a justice against Pickard for $37.24 and costs, issued execution and levied upon the land, and, upon a return of the papers to the circuit court, had the land condemned at the September term, 1878. A *venditioni exponas* issued on November 15, 1878, but has never been returned. Whether a sale of the land was had thereunder complainant does not know. John Tyler, another judgment creditor of Pickard for $12.25, had, in like manner, caused an execution to be levied on the land, and the land condemned and sold by *venditioni exponas* on the 30th of August, 1879, at which sale the land had been bought by Tyler for $28.30. This bill was filed on the 23d of April, 1880, against Pickard as a non-resident of the State and his judgment creditors named, to attach the equity of redemption of Pickard in the land, and subject the same to the satisfaction of his debt.

The fact that the debtor resides out of the State is a sufficient ground for an attachment at law or in equity upon a legal debt or demand. Code, sections 3455, 3461. The attachment, which issues against the estate of such a debtor, may be levied upon any real or personal property of either a "legal or equitable nature." Code, sec. 3500. So, in all cases where personal service of process cannot be made at law, and

where no original attachment at law will lie, and no judgment at law can be obtained, the court, of chancery has jurisdiction to subject "legal and equitable interests in every kind of property." Code, sec. 4287. The right of a party, whose land has been sold by judicial sale, to redeem that land has always been treated as an estate or interest in the land which he might sell, or which would descend to his heirs. 4 Yer., 10; 5 Hum., 389, 619; 6 Hum., 64; 4 Sneed, 89; 9 Hum., 726; 1 Cold., 301; 4 Heis., 331; 3 Lea, 623. Such an estate may be reached by attachment in chancery. The case of *Weakley* v. *Cockrill*, decided at this term, only holds that a judgment creditor, who is in condition to redeem, must pursue the remedy given by the statute. The complainant in this case is not a judgment creditor, nor can he become such against a non-resident debtor except by attachment of property.

Reverse the decree and remand for further proceedings. The defendant will pay the costs of this court.