# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 7, 2011 Session

## TODD MARSH, ET AL. v. LARRY A. STORIE, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. E-21943      Jon Kerry Blackwood, Senior Judge**

---

**No. E2011-00101-COA-R3-CV-FILED-JANUARY 26, 2012**

---

Todd Marsh and Kari Marsh ("Plaintiffs") sued Larry A. Storie ("Storie") and First Tennessee Bank National Association ("First TN Bank") with regard to, among other things, ownership of real property which had been the subject of both a tax sale and a foreclosure sale. After a hearing, the Trial Court entered an order on January 4, 2011 granting partial summary judgment dismissing First TN Bank from the case, and certifying the judgment as final as to First TN Bank pursuant to Tenn. R. Civ. P. 54.02. Plaintiffs appeal the dismissal of their claims against First TN Bank. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

J. Myers Morton, and George W. Morton, Jr., Knoxville, Tennessee, for the appellants, Todd Marsh and Kari Marsh.

Gordon D. Foster, Knoxville, Tennessee, for the appellee, First Tennessee Bank National Association.

# OPINION

## Background

The real property at issue in this suit bears a street address of 1215 Locust, Alcoa, Tennessee ("the Property"). In August of 1964, James E. Cupp and Helen M. Cupp took title to the Property by Warranty Deed. In August of 2001, Helen M. Cupp, by then a widow, executed a deed of trust in favor of First TN Bank securing a loan of approximately $36,000 with the Property.

At some time before February of 2004, the Property's Blount County and Alcoa City property taxes became delinquent. On March 17, 2004 the Property was sold at a tax sale by the Clerk & Master to Storie for $6,500. The Blount County Chancery Court entered an Order confirming sale on April 7, 2004, but Storie did not receive the Clerk & Master's Deed for the property until April 8, 2005.

In October of 2004, First TN Bank foreclosed on their Deed of Trust on the Property. At the October foreclosure sale, Ben Jackson was the high bidder. Mr. Jackson, however, did not complete the purchase. In November of 2004 Plaintiffs contacted First TN Bank and offered $26,000 for the Property. First TN Bank accepted Plaintiffs' offer.

Prior to purchasing the Property, Plaintiffs obtained a title commitment ("Title Commitment") from National Title Insurance Co. dated December 27, 2004. The Title Commitment revealed the nonpayment of the 2002-2003 Alcoa City taxes and the 2003 Blount County taxes on the Property. First TN Bank informed Plaintiffs that they would be responsible for the taxes. Plaintiffs later contacted the City of Alcoa and Blount County and were informed that the taxes had been paid. Plaintiffs took no further action or investigation with regard to these taxes.

In January of 2005, Plaintiffs paid First TN Bank $26,000 and received a Successor Trustee's Deed for the Property, which provides, in pertinent part:

> WHEREAS, default has been made in the payment of the total amount due and payable as provided in the above-described Note, which total amount was past due at the time the foreclosure of said Tennessee Deed of Trust was begun, and the owner and/or holder of said Note directed the party of the first part to foreclose said Tennessee Deed of Trust in accordance with the terms and provisions thereof and to sell the real estate above described; and ....

-2-

* * *

WHEREAS, on the 21st day of October, 2004, at the hour of 11:00 o'clock a.m. local time, at the Blount County Courthouse in Maryvlle [sic], Tennessee, the time and place fixed in the advertised Notice of Sale, the foregoing described real estate was offered for sale at public auction FOR CASH to the last, highest and best bidder free from all equitable rights of redemption, statutory right of redemption, homestead, dower, marital share and all other exemptions and redemptive rights of every kind, the same having been waived by the terms of said Tennessee Deed of Trust, and being cried for a reasonable time, was finally sold to the party(ies) of the second part, at a bid of **$26,000.00**, party(ies) of the second part being the highest and best bidder(s), which purchase price was paid to party of the first part and then applied by party of the first part as directed and provided in said Tennessee Deed of Trust; ….

* * *

Party of the first part as Successor Trustee, does hereby transfer, assign, and set over unto the party(ies) of the second part, his (their) heirs, executors, administrators, representatives, successors and assigns, all of the covenants and warranties contained in the aforesaid Tennessee Deed of Trust, and does hereby warrant the title to the aforesaid real estate as fully and completely as he is authorized to do as such Successor Trustee, but no further or otherwise; provided, however, this conveyance is SUBJECT TO any rights of redemption held by federal or state governmental authorities (if noted herein), priority tax liens, prior encumbrances, objections, conditions, restrictions, and any current or delinquent ad valorem property taxes which may be recorded or applicable to said property, including any applicable personal property, business, or other local taxes.…

Plaintiffs recorded the Successor Trustee's Deed on March 15, 2005.

The statutory one year redemption period[1] ended April 8, 2005[2]. Storie did not receive the Clerk & Master's Deed for the Property from the Clerk & Master of the Chancery Court at Maryville for Blount County until April 8, 2005. Storie recorded the Clerk & Master's Deed on July 11, 2005.

In July of 2007, Plaintiffs sued First TN Bank and Storie seeking, among other things, a declaratory judgment as to the ownership of the Property, damages for improvements Plaintiffs alleged they made to the Property, and damages under the Tennessee Consumer Protection Act. After a hearing on Plaintiffs' motion for partial summary judgment and First TN Bank's restated motion for summary judgment, the Trial Court entered its order on January 4, 2011 granting summary judgment to First TN Bank and dismissing Plaintiffs' claims against First TN Bank. The Trial Court certified its January 4, 2011 order as final as to First TN Bank pursuant to Tenn. R. Civ. P. 54.02. Plaintiffs appeal the dismissal of their claims against First TN Bank.[3]

## Discussion

Although not stated exactly as such, Plaintiffs raise one issue on appeal, whether the Trial Court erred in granting summary judgment to First TN Bank.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

_____

[1]"Persons entitled to redeem property may do so by paying the moneys to the clerk as required by § 67-5-2703 within one (1) year from the date of the order of confirmation of sale, …." Tenn. Code Ann. § 67-5-2702 (a) (2011)

[2]The Trial Court inadvertently stated that the one year redemption period ended one year after the date of the tax sale, which would have been March 18, 2005. In actuality, the statutory one year redemption period does not begin to run on the date of the sale, but rather "from the date of the order of confirmation of sale, …." Tenn. Code Ann. § 67-5-2702 (a) (2011). This inadvertent misstatement is immaterial to the analysis of the issue before this Court.

[3]Plaintiffs' claims against Storie still are pending in the Trial Court.

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

A careful and thorough review of the record on appeal reveals that Plaintiffs' claims against First TN Bank rest upon Plaintiffs' assertion that because the Property had been sold at the tax sale prior to First TN Bank's foreclosure, First TN Bank had no interest in the Property which could be sold. This Court dealt with a similar issue when it addressed the issue of whether the appellee in *State v. Delinquent Taxpayers* qualified as a "person entitled to redeem property" under Tenn. Code Ann. § 67-5-2701. *State v. Delinquent Taxpayers*, No. M2002-00718-COA-R3-CV, 2003 Tenn. App. LEXIS 363, at *4 (Tenn. Ct. App. May 20, 2003), *appl. perm. appeal denied Aug. 13, 2003*. In pertinent part, Tenn. Code

Ann. § 67-5-2701 provides: "For purposes of this part, 'person entitled to redeem property' includes any person who owns a legal or equitable interest in the property sold at the tax sale and creditors of the taxpayer having a lien on the property; …."  Tenn. Code Ann. § 67-5-2701 (a) (2011).

In *State v. Delinquent Taxpayers*, this Court explained:

In Tennessee it is well settled that "the right of a party, whose land has been sold by judicial sale, to redeem that land has always been treated as an estate or interest in land *which he might sell,* or which would descend to his heirs." *Herndon v. Pickard*, 73 Tenn. 702, 704 (Tenn. 1880) (emphasis added) (citations omitted).

*Id.* at *7.  The *State v. Delinquent Taxpayers* opinion also addressed the question of whether the right of redemption could be conveyed *after* a tax sale had occurred stating:

Appellant argues that in order to convey the right of redemption, if such right is capable of being conveyed, the conveyance must take place prior to the sale of the property.  This is clearly not the case, as the statutory right of redemption does not arise until the property has been sold.  "The right … of redemption from a tax sale is granted to … the former owner of the forfeited land …" 72 Am. Jur. 2d *State and Local Taxation* § 909 (2002).  This fact, that the right is granted *to the former owner*, makes it clear that the right does not exist prior to the sale of the property.

Id. at *6 n.4 (emphasis in original).

In the case now before us on appeal, First TN Bank held an interest in the Property by virtue of its Deed of Trust, and could through foreclosure sell its interest in the Property, even though a tax sale already had occurred.  As the tax sale already had occurred, the interest First TN Bank actually was selling in its foreclosure was its right of redemption.  Thus, First TN Bank did not misrepresent to Plaintiffs that it held a saleable interest in the Property.  The Successor Trustee's Deed to Plaintiffs clearly, plainly, and unambiguously states that the sale to Plaintiffs was one in foreclosure of the Deed of Trust held by First TN Bank and that the sale was subject to:

any rights of redemption held by federal or state governmental authorities (if noted herein), priority tax liens, prior encumbrances, objections, conditions, restrictions, and any current or delinquent ad valorem property taxes which may be recorded or applicable to said property, including any applicable

personal property, business, or other local taxes.…

Plaintiffs attempt to obfuscate the issue by arguing on appeal that they are not attorneys and, therefore, did not understand the language contained in the Successor Trustee's Deed or the significance of the fact that despite being told prior to the foreclosure sale that the property taxes had not been paid, they later discovered that those taxes had been paid. Unfortunately for Plaintiffs, neither their lack of understanding of the Successor Trustee's Deed, nor their decision not to investigate further how the taxes had come to be paid is a defense.

Plaintiffs also make much of the fact that First TN Bank did not exercise its right of redemption before foreclosing upon its Deed of Trust. First TN Bank, however, was not required to exercise its right of redemption, but was free to sell it to another, as already discussed. Plaintiffs' arguments based upon First TN Bank's decision to sell its right of redemption rather than exercise it are without merit.

We note, although it is immaterial to the analysis in this case, that Plaintiffs had notice that the taxes, which had not been paid, suddenly were paid *after* the Property was in foreclosure. Plaintiffs chose not to investigate any further.

The resolution of the issue in this case is clear. First TN Bank had a saleable interest in the Property, the right under Tenn. Code Ann. § 67-5-2701 to redeem the property, and the Successor Trustee's Deed clearly and unambiguously stated that the sale was made in foreclosure and subject to "priority tax liens, prior encumbrances, objections, conditions, restrictions, and any current or delinquent ad valorem property taxes which may be recorded or applicable to said property, including any applicable personal property, business, or other local taxes.…" There are no genuine issues of material fact and, given that First TN Bank had a saleable interest in the Property, First TN Bank is entitled to judgment as a matter of law. We affirm the Trial Court's grant of summary judgment to First TN Bank.

**Conclusion**

-7-

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below.  The costs on appeal are assessed against the appellants, Todd Marsh and Kari Marsh, and their surety.


_____
D. MICHAEL SWINEY, JUDGE