FILED

05/26/2017

Clerk of the
Appellate Courts



# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 3, 2017

## CITY OF CHATTANOOGA, ET AL. v. TAX YEAR 2011 CITY DELINQUENT REAL ESTATE TAXPAYERS

**Appeal from the Chancery Court for Hamilton County
No. 11222, 4759     Pamela A Fleenor, Chancellor**

_____

### No. E2016-01853-COA-R3-CV

_____

This case involves a request to redeem real property following a tax sale. The trial court entered an order of redemption, divested title out of the tax sale purchaser, and directed the court clerk to refund the tax sale purchaser the money expended to purchase the property, plus other sums. We affirm. Finding the appeal to be frivolous, we remand for a determination of damages pursuant to Tennessee Code Annotated section 27-1-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Wilson C. von Kessler, II, Chattanooga, Tennessee, for the appellant, Thomas G. Hyde.

James C. Davey, Chattanooga, Tennessee, for the appellees, City of Chattanooga and Hamilton County Back Taxes.

Barry L. Abbott, Chattanooga, Tennessee, for the appellee, S & S Investment Group.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background and Procedural History

This appeal concerns rights to a parcel of real property located in Hamilton County, Tennessee. In July 2007, the property at issue was acquired by Thomas Woods ("Mr. Woods"). In connection with his purchase of the property, Mr. Woods executed a deed of trust in favor of Taylor, Bean & Whitaker Mortgage Corporation. Following a series of transactions, the deed of trust was eventually assigned to Carrington Mortgage Services, LLC in the fall of 2015.

On June 4, 2015, Mr. Woods's property was sold at a delinquent tax sale to Thomas Hyde ("Mr. Hyde"). An order confirming the sale was entered by the Hamilton County Chancery Court on June 24, 2015. As is relevant to this appeal, Mr. Hyde's purchase of the property was subject to a one-year redemption period. *See* Tenn. Code Ann. § 67-5-2701 (providing that a right to redeem shall vest in all interested persons upon the entry of an order confirming the tax sale).

On December 1, 2015, Mr. Woods transferred his remaining interest in the property to Mr. Hyde by quitclaim deed. The deed expressly provided that the conveyance included, "without limitation, all of [Mr. Woods's] rights pursuant to Tenn. Code Ann. [§§]67-5-2701 et seq., and all other of [Mr. Woods's] rights arising out of the June 4, 2015 tax sale." The following day, a person identified as "Jim Hyde" filed a statement in the Hamilton County Chancery Court seeking to redeem the property. The quitclaim deed from Mr. Woods to Mr. Hyde was attached to the December 2 statement to redeem, as was a durable power of attorney appointing "Jim A. Hyde" as Mr. Hyde's attorney-in-fact. Pursuant to the power of attorney, Mr. Hyde gave "Jim A. Hyde . . . full power and authority to do and perform all and every act and thing necessary for the purchase, contracting, sale, and redemption of real property in Hamilton County, Tennessee." There does not appear to be any dispute among the parties that the December 2 statement to redeem was filed on behalf of Mr. Hyde.

On December 8, 2015, Carrington Mortgage Services, LLC foreclosed on the subject property. The purchaser at foreclosure was S&S Investment Group, LLC ("S&S Group"). On December 28, 2015, shortly after S&S Group obtained an interest in the property pursuant to the substitute trustee's deed, Jason Sides, a member of S&S Group, filed a motion on behalf of the company seeking to redeem the property. Mr. Hyde subsequently filed a motion asking that S&S Group's motion to redeem be dismissed.

On January 19, 2016, the parties appeared in Chancery Court, at which time the trial judge stated that the parties should "submit briefs regarding their respective positions." Soon thereafter, a number of legal memoranda were filed with the court concerning the propriety of the requests for redemption, including a memorandum jointly

submitted by tax attorneys for the City of Chattanooga and Hamilton County. In a memorandum filed by S&S Group, S&S Group argued that the rights Mr. Hyde had obtained through the quitclaim deed from Mr. Woods were extinguished by the December 2015 foreclosure. As such, S&S Group maintained that Mr. Hyde was no longer an interested party entitled to redeem. S&S Group subsequently filed a second motion to redeem through counsel.

The Chancery Court held a hearing concerning the respective requests for redemption in February 2016, and on March 14, 2016, it entered an order concluding that S&S Group, having tendered the appropriate funds to the Clerk & Master, was entitled to redeem the property. The March 14 order set aside the June 2015 tax sale to Mr. Hyde and declared that S&S Group was the proper owner. A formal order of redemption was later entered by the Chancery Court on March 21, 2016. In connection with the court's decision to divest title to the property out of Mr. Hyde, the court held that the Clerk & Master should refund him the sum of $57,687.25, which included the price Mr. Hyde had paid for the property at the tax sale. *See* Tenn. Code Ann. § 67-5-2701(n) ("Upon entry of an order of the court declaring that the redemption is complete, title to the parcel shall be divested out of the purchaser, and the clerk shall promptly refund the purchase money and pay all sums due to the purchaser[.]").

Although Mr. Hyde filed a motion to alter or amend on April 13, 2016, the Chancery Court denied his request for relief by order entered on May 19, 2016. However, notwithstanding the general denial of relief included in the May 19 order, the Chancery Court stated that Mr. Hyde would have additional time in which to file a motion for additional compensation. Mr. Hyde subsequently filed a motion seeking additional compensation within the time permitted by the Chancery Court, but by order entered on August 8, 2016, the Chancery Court denied his motion in its entirety. This appeal then followed.

**Discussion**

On appeal, Mr. Hyde contends that the trial court erred in granting S&S Group's motion to redeem. Among other things, he argues that the trial court violated his constitutional rights, as well as statutory requirements, through the manner in which it adjudicated the respective motions to redeem. In reviewing a trial court's findings of fact, we review the record de novo and presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. *Elliott v. Elliott*, 149 S.W.3d 77, 83 (Tenn. Ct. App. 2004). In order for the evidence to preponderate against a particular finding of fact, it must support another finding of fact with greater convincing effect. *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) (citation omitted). Unlike our review of the trial court's factual findings, we review conclusions of law with

no presumption of correctness. *Hyneman v. Hyneman*, 152 S.W.3d 549, 553 (Tenn. Ct. App. 2003) (citation omitted).

At the outset, we address Mr. Hyde's argument that the trial court violated several of his constitutional rights by allegedly failing to follow the procedural requirements regarding redemption contained in Tennessee Code Annotated section 67-5-2701. Although it is unclear from our general review of the record how Mr. Hyde was deprived of an adequate opportunity to be heard concerning the matters in this case, we also note that his brief fails to sufficiently develop his argument on this issue. In fact, as observed by S&S Group on appeal, Mr. Hyde's argument does not comply with the requirements of Rule 6 of the Rules of the Court of Appeals. Specifically, Rule 6(a) provides that written argument on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Nowhere in his argument on this issue does Mr. Hyde provide any of the citations required by Rule 6(a), and we note that under Rule 6(b), "[n]o complaint of . . . action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded." Rule 6(b) also provides that "[n]o assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." In this matter, citations to the record are entirely absent from this section of Mr. Hyde's brief. We therefore find his argument to be waived. *See Pearman v. Pearman*, 781 S.W.2d 585, 587-88 (Tenn. Ct. App. 1989) (refusing to give consideration to an issue where there was no compliance with Rule 6 of the Rules of the Court of Appeals).

Given Mr. Hyde's waiver concerning his procedural and constitutional grievances, we now turn to the substantive merits of the trial court's actions. For the reasons that follow, we hold that the trial court did not err in granting S&S Group's motion to redeem and in concluding that S&S Group was the proper owner of the property.

When Mr. Hyde bought the subject property at the 2015 tax sale, his right to continued ownership was subject to the right of redemption. Pursuant to Tennessee Code Annotated section 67-5-2701, a right to redeem vests in "all interested persons." Tenn. Code Ann. § 67-5-2701(a)(1). An interested person is a "person . . . that owns an interest in a parcel and includes a person . . . that holds a lien against a parcel or is the assignee of a holder of such a lien." Tenn. Code Ann. § 67-5-2502. Thus, upon confirmation of the tax sale in this case, a right of redemption was held by Mr. Woods and the holder of the deed of trust on the property. Things soon changed. Because the right of redemption is treated in Tennessee as an estate or interest in the land, it is transferrable. *State v. Delinquent Taxpayers*, No. M2002-00718-COA-R3-CV, 2003 WL 21171858, at *2 (Tenn. Ct. App. May 20, 2003) (citations omitted). When Mr. Woods transferred his remaining interest to Mr. Hyde by quitclaim deed on December 1, 2015, he conveyed his right of redemption. Similarly, when the deed of trust on the property was transferred to Carrington Mortgage Services, LLC during the redemption period, the right of redemption was transferred.

Although it is therefore clear to us that a right of redemption was, in fact, transferred to Mr. Hyde from Mr. Woods, we hold that Mr. Hyde's interest in that redemption right was extinguished by way of the December 8, 2015 foreclosure sale. After all, Mr. Hyde's interest in the redemption right stemmed from the rights Mr. Woods had in the property, and it is clear that Mr. Woods's rights were encumbered by the deed of trust. Therefore, although the foreclosure sale did not divest Mr. Hyde of the interest he had acquired in the property in his role as the tax sale purchaser, we conclude that it did extinguish the rights Mr. Hyde had acquired from Mr. Woods. The right of redemption was thereafter held by S&S Group, the purchaser at foreclosure. *See Marsh v. Storie*, 373 S.W.3d 553, 557 (Tenn. Ct. App. 2012) (noting that the interest sold at foreclosure, during the redemption period, was the right of redemption); *see also Third Nat'l Bank in Nashville v. McCord*, 688 S.W.2d 446, 451 (Tenn. Ct. App. 1985) ("When property is sold at foreclosure, the purchase price is substituted for the debtor's interest in the property, and the purchaser takes debtor's interest in the property[.]").

With the above in mind, it is clear that the trial court did not err in granting S&S Group's motion to redeem. S&S Group was the only interested party with a right to redeem at the time the order of redemption was entered. Moreover, the trial court did not err in concluding that the effect of the redemption was to place title to the property with S&S Group. By statute, upon the entry of an order of redemption, "[t]he interests of the

taxpayer and other interested parties, or their successors in interest, shall be restored to that state which existed as of the date of entry of the order confirming the sale." Tenn. Code Ann. § 67-5-2701(n). In this case, when the property was sold at a tax sale, it was owned by Mr. Woods *subject to the deed of trust*. Title is not restored to Mr. Woods, however, because he quitclaimed his interest to Mr. Hyde, his successor in interest. Moreover, we note that Mr. Hyde's interest in the property, as obtained from Mr. Woods, was extinguished at foreclosure. Thus, the successor in interest to the property is S&S Group, the purchaser at foreclosure. We therefore affirm the trial court's adjudication with respect to the property and conclude that it appropriately ordered the Clerk & Master to refund Mr. Hyde the purchase money he expended at the June 2015 tax sale.

In closing, we observe that S&S Group's brief contains a request for damages under Tennessee Code Annotated section 27-1-122. Under that statute:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. The decision to award damages under this provision "rests solely in the discretion of this Court." *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009) (citation omitted). An appeal is frivolous when it has "no reasonable chance of success." *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999) (citations omitted). Having reviewed the record transmitted to us on appeal, we are of the opinion that this appeal is frivolous. Mr. Hyde's positions on appeal appear to eschew the fact that the property had been encumbered by a deed of trust, and as already noted, several of his arguments were not properly supported by citations to the record. Because Mr. Hyde did not have a reasonable chance of success in this appeal, we find it appropriate to grant S&S Group's request for damages under Tennessee Code Annotated section 27-1-122. We hereby remand this case to the trial court for a determination of the amount of damages owed to S&S Group under the statute.[2]

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Finding the appeal to be frivolous, we remand the case to the trial court for a determination of the

---

[2] Although the City of Chattanooga and the Hamilton County Trustee's Office participated on appeal, we observe that they did not request any damages under Tennessee Code Annotated section 27-1-122.

amount of damages owed to S&S Investment Group, LLC pursuant to Tennessee Code Annotated section 27-1-122.  Costs of this appeal are assessed against the Appellant, Thomas G. Hyde, and his surety, for which execution may issue if necessary.  This case is hereby remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE