**Amy Carlene Doyle HYNEMAN**

v.

**William Russell HYNEMAN.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

May 19, 2003 Session.

Sept. 18, 2003.

Permission to Appeal Denied by
Supreme Court May 10, 2004.

Stevan L. Black and Vickie Hardy Jones, Memphis, Tennessee, for the appellant, Amy Carlene Doyle Hyneman.

Allan J. Wade, Memphis, Tennessee, for the appellee, William Russell Hyneman.

## OPINION

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This is a divorce case. The husband filed a petition for divorce, and the wife filed a counter-claim for divorce on the grounds of inappropriate marital conduct and adultery. The husband initially admitted to inappropriate marital conduct and denied adultery. The husband later amended his pleadings to admit to adultery. Soon thereafter, the husband moved the trial court to grant a divorce to the wife based on the husband's admitted inappropriate marital conduct and adultery. The wife objected, arguing that a divorce decree could not be entered at that time because no evidentiary hearing had been held and there was no stipulation by the parties. The trial court granted the husband's motion and entered a decree granting a divorce to the wife. The wife now appeals. We reverse, concluding that, absent a mutual stipulation agreed upon by the parties, pursuant to Tennessee Code Annotated §§ 36–4–114 and 36–4–129, the trial court must conduct a hearing prior to entering a final decree of divorce. Therefore, we remand to the trial court for further proceedings.

Plaintiff/Appellee William Russell Hyneman ("Husband") and Defendant/Appellant Amy Carlene Doyle Hyneman ("Wife") were married on October 31, 1988. The parties have two children born of the mar-

riage, Amanda Carlene Hyneman (born April 16, 1989) and Rachel Christine Hyneman (born October 18, 1994).

On November 5, 2001, Husband filed a complaint for divorce against Mother in Shelby County Chancery Court, alleging irreconcilable differences and inappropriate marital conduct.[1] On January 17, 2002, Wife filed her answer and a counterclaim seeking a divorce, alleging that Husband was guilty of, among other things, adultery and inappropriate marital conduct. On February 21, 2002, Husband filed his answer to Wife's counter-claim, denying adultery but admitting that he had engaged in inappropriate marital conduct. Also on February 21, 2002, Husband filed responses to Wife's first request for admissions. In his responses, *inter alia,* Husband denied Wife's request that he admit having had a sexual relationship with Caresse C. Mills ("Mills").

On January 7, 2002, the trial court conducted a hearing on the limited issue of determining who would have temporary custody of the parties' children. Both Husband and Wife testified at the hearing. The parties were not permitted to explore issues related to fault. When counsel for Wife attempted to ask questions related to Husband's inappropriate marital conduct, the trial court disallowed the line of questioning, stating, "Counsel, you will get an opportunity when you deal with the divorce and some other things, but this is a very limited hearing."

On April 8, 2002, a hearing was held on a variety of issues. No proof was presented. During the hearing, counsel for Husband stated that Husband wanted to amend his responses to the requests for admissions and admit to adultery. Contemporaneously, Husband's counsel made a motion in open court for the trial court

"to grant [Wife] a divorce ... on the grounds of adultery and that it be done so today...." Counsel for Wife objected vehemently and stated, "I've never heard of an opposing counsel moving for a divorce ... on behalf of the other party." Wife's attorney told the trial court that he was "not agreeing to any stipulation...." The trial court indicated that it would not rule on Husband's request to grant a divorce until a formal amendment had been made to his pleadings.

On April 12, 2002, Husband filed a written motion for leave to amend his answer to Wife's counterclaim, and to amend his response to Wife's request for admissions. In that pleading, Husband requested that he be permitted to amend his answer to admit adultery and to amend his response to Wife's request for admissions to admit a sexual relationship with Mills. On April 24, 2002, counsel for the parties appeared before the trial court. Apparently in reference to Husband's previous motion that Wife be granted a divorce on the grounds of adultery, the following colloquy ensued between the trial judge and Wife's counsel:

[COURT]: Counsel, one thing you are forgetting. Your client wants a divorce; is that correct?

[FRIEDMAN]: Your Honor, please, my client was not the original person who filed for divorce.

[COURT]: She cross-filed, right?

[FRIEDMAN]: That is absolutely correct.

[COURT]: She does want a divorce.

[FRIEDMAN]: Your Honor, please, all I can say is that we filed a cross-complaint for—

[COURT]: In the cross-file she asked for a divorce.

---

1. Initially, the complaint was filed by Husband *pro se.* Husband later obtained counsel, who filed a notice of appearance on December 18, 2001.

[FRIEDMAN]: In particular, I might add she did so because the initial filing of [Husband]—

[COURT]: I don't care about that.

[FRIEDMAN]:—was fraudulent and fictitious.

[COURT]: There is going to be a divorce in this case. . . . Somebody is going to get one. . . .

But I want you to understand if she wants a divorce and he is willing to give her a divorce—and I have explained to him if he comes in now and admits adultery or whatever other grounds, he has got to deal with the consequences of that as it relates to alimony and any other rights that Mrs. Hyneman has or what she is seeking. . . . But I can't for the life of me figure out how anybody is going to be better off when we have two people seeking a divorce and we have one party agreeing to the most serious ground possible, one that I hesitate and I guess I would have to make a decision on.

[FRIEDMAN]: . . . [Husband] isn't doing [Wife] a favor in any manner, shape or form by admitting the truth.

Husband's motion that Wife be granted a divorce was not decided at that hearing.

On May 7, 2002, Husband's newly retained attorney, his counsel in this appeal, appeared before the trial court. Husband's attorney asked the trial court to grant a divorce to Wife, rather than to Husband, in light of the fact that Husband had admitted adultery, and he submitted a proposed final decree of divorce to the trial court. The proposed decree, however, granted Wife a divorce on the grounds of inappropriate marital conduct, not adultery. Counsel for Wife again strongly objected to the proposed decree, because no

evidentiary hearing had been held and no stipulation had been agreed upon by the parties. Wife argued that the entry of such a decree would be tantamount to a judgment on the pleadings, in violation of Tennessee law. This argument was rejected. On May 15, 2002, the trial court entered Husband's proposed final decree of absolute divorce, granting a divorce to Wife based on Husband's inappropriate marital conduct. The final decree provided that the parties had stipulated to the stated grounds for divorce and, therefore, the divorce was granted to Wife, pursuant to Tennessee Code Annotated § 36–4–129. The decree also stated that "any property acquired by either party through their own work and endeavor subsequent to the entry of this decree, excluding any property acquired with proceeds of the marital estate existing on the date of entry of this decree, shall constitute that party's separate property." The trial court made the order final and appealable pursuant Rule 54.02 of Tennessee Rules of Civil Procedure. Wife now appeals that order.[2]

■ On appeal, Wife argues that the trial court's grant of divorce without an agreed upon stipulation and without first hearing proof on the matter was in violation of Tennessee Code Annotated § 36–4–114. That statute provides:

> **36–4–114. Proof required.**—If the defendant admits the facts charged in the bill or petition and relied upon as the ground for a divorce, or the bill is taken for confessed, the court shall, nevertheless, before decreeing a divorce, except a divorce on the ground of irreconcilable differences, hear proof of the facts alleged as aforementioned, and either dismiss the bill or petition or grant a di-

---

**2.** After the notice of appeal was filed, Wife's attorney, Robert M. Friedman, was murdered.

On July 1, 2003, Wife's present attorney filed a notice of appearance in this case.

vorce, as the justice of the case may require.

Tenn.Code Ann. § 36–4–114 (2001). Wife argues that this statute specifically requires the trial court to conduct an evidentiary hearing when the defendant admits to the allegations in the divorce petition. Consequently, she maintains, the trial court erred in this case by granting the divorce without such a hearing.

In response, Husband contends that the trial court was correct in concluding that the parties had stipulated to the grounds for divorce. Under these circumstances, he argues, the trial court was justified in granting the divorce without a hearing. In support, Husband cites section 36–4–129 of the Tennessee Code Annotated, which provides:

> **36–4–129. Stipulated grounds and/or defenses-Grant of divorce.**—(a) In all actions for divorce ... the parties may stipulate as to grounds and/or defenses.
>
> (b) The court may, upon stipulation to or proof of any ground for divorce pursuant to § 36–4–101, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

Tenn.Code Ann. § 36–4–129 (2001). Because he admitted to inappropriate marital conduct and adultery, Husband argues, there was no reason to present proof to the court on grounds for divorce. He claims that the effect of his admission was essentially a stipulation by the parties as to the grounds for divorce. Therefore, Husband maintains, the trial court was permitted to grant Wife a divorce without a hearing under section 36–4–129.

■ The trial court's factual findings are reviewed *de novo*, with a presumption of correctness unless the preponderance of the evidence suggests otherwise. *Wells v.* *Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999); Tenn. R.App. P. 13(d). The trial court's conclusions of law are reviewed *de novo*, with no such presumption. *State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn.1997). "The search for the meaning of statutory language is a judicial function.... Statutory construction and the application of the statute to particular facts present legal questions." *State ex rel. Comm'r of Transp. v. Medicine Bird Black Bear White Eagle*, 63 S.W.3d 734, 754 (Tenn.Ct.App.2001) (citations omitted). Therefore, we will review issues relating to statutory interpretation *de novo*, with no presumption of correctness. *See id.; Wilkins v. Kellogg Co.*, 48 S.W.3d 148, 151 (Tenn.2001).

■ We must determine whether the trial court was required under section 36–4–114 to hear proof on the facts prior to granting the divorce, or whether the trial court was authorized under section 36–4–129 to grant the divorce without hearing proof. In construing these two statutes, we must "ascertain and give effect to the intention and purpose of the legislature." *Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn.1993). If a statute is without ambiguity, we must apply the statute as written; we are not "at liberty to depart from the words of the statute." *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802–03 (Tenn.2000). Moreover, "[s]tatutes relating to the same subject or sharing a common purpose must be construed together (*in pari materia*), 'in order to advance their common purpose or intent.'" *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 716 (Tenn.2002) (quoting *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn.1997)); *see LensCrafters, Inc. v. Sundquist*, 33 S.W.3d 772, 777 (Tenn.2000). Thus, such statutes are to be construed so as to effectuate the intent of

the legislature and arrive at the most harmonious result possible. *Frye*, 70 S.W.3d at 716.

■■■ It is well-settled that, absent a stipulation by the parties, a divorce cannot be granted based only on the pleadings. *McCarter v. McCarter*, No. 03A01–9606–CV–000196, 1996 WL 625798, at *2 (Tenn. Ct.App. Oct.30, 1996). In *McCarter*, the husband filed a petition for divorce based on the wife's inappropriate marital conduct. The opinion does not indicate whether the wife's answer to the complaint admitted or denied the allegations in the petition. In any event, the husband filed a motion for a judgment on the pleadings. *Id.* at *1. The trial court held a hearing on the husband's motion, and granted the husband a divorce on the grounds of inappropriate marital conduct "based on the testimony that the court did hear [at an unrelated pendente lite hearing] and part of which is contained in the pleadings...." *Id.* (quoting trial court's opinion). The wife appealed, arguing that the trial court erred in granting husband a judgment on the pleadings. The appellate court agreed, opining that "[w]e cannot immediately perceive of a situation in an action for divorce where a judgment on the pleadings would be an appropriate procedure to obtain affirmative relief." *Id.* at *2. Referring to Tennessee Code Annotated § 36–4–114, the appellate court held that it was "reversible error to award a divorce by a judgment on the pleadings even if coupled with the evidence taken at the pendente lite hearing." *Id.* The court noted that the parties had not stipulated to the grounds for divorce under section 36–4–129. *Id.* at n. 2. The court observed that sections 36–4–129 and 36–4–114 were not in conflict,

"since under the provisions of the former, the stipulations constitute evidence." *Id.*

The case at bar is distinguishable from *McCarter*, in that Husband in this case admitted to adultery as alleged by Wife, but then asked the trial court to grant the divorce *to Wife* on the grounds of his own misconduct. Though Husband asked the trial court to grant Wife the relief she admittedly sought, Wife nevertheless wanted the trial court to hear proof regarding Husband's adultery prior to any decision being rendered. The parties have not cited, nor has this Court found through its own research, a case presenting this factual situation. Thus, we must scrutinize the language in the statutes at issue.

The parties do not dispute that, under section 36–4–129, the trial court was authorized to grant the divorce to Wife "upon stipulation to or proof of any ground for divorce...." *See Mumford v. Mumford*, No. E2002–01338–COA–R3–CV, 2003 WL 21673675, at *4 (Tenn.Ct.App. July 14, 2003). In this case, there was no proof of any ground for divorce.[3] The issue becomes, then, whether Husband's admission of Wife's allegation of his adultery and inappropriate marital conduct is considered a "stipulation" within the meaning of section 36–4–129.

Husband asserts that the parties, by their conduct, should be deemed to have entered into a "stipulation" under section 36–4–129 and, thus, no hearing was required. He argues that, under Rule 36.02 of the Tennessee Rules of Civil Procedure, any matter that is admitted in response to a request for admission is "conclusively established" and is the same as a stipulation for purposes of trial. Husband cites *Tennessee Dep't of Human Servs. v. Barbee*, 714 S.W.2d 263 (Tenn.1986), in which

**3.** While there were a number of hearings before the trial court the other issues, such as child custody and attorney's fees, the trial court told the parties expressly that proof regarding fault would be heard another day.

the Court discussed the function of an admission. The *Barbee* court stated that an admission under Rule 36.02 "is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial." *Id.* at 266. Utilizing that reasoning, Husband contends, his admission should be considered a "stipulation" to the grounds for divorce, because his admission dispenses with any issue to be decided at trial.

By definition a stipulation is an agreement "which is entered into mutually and voluntarily by the parties." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 701 (Tenn. Ct.App.1999). This Court has recently described the nature of a stipulation:

Parties may stipulate to questions of fact or legal strategies but may not stipulate to questions of law. Though a stipulation need not follow a particular form, its terms must be definite and certain in order to afford a proper basis for judicial decision. If the stipulation is ambiguous and uncertain in its terms, it should be disregarded by the courts. A stipulation should discuss the who, what, where and why of the contested matter, and specify the terms of the settlement and any conditions or sequence of events that attach thereto. Stipulations must be carefully constructed and drawn, and if they are not, they should not be incorporated in an order. Factors to consider in determining whether a stipulation was entered into properly are whether the party had competent representation of counsel, whether extensive and detailed negotiations occurred, whether the party agreed to the stipulation in open court, and whether, when questioned by the judge, the party acknowledged understanding the terms and that they were fair and equitable.

*Stumpenhorst v. Blurton*, No.W2000–02977–COA–R3–CV, 2002 WL 1751380, at * 4 (Tenn.Ct.App. Feb.27, 2002) (citations and quotations omitted). Thus, a stipulation requires a mutual understanding between the parties as to the specific matter agreed upon, in terms that are "definite and certain in order to afford a proper basis for judicial decision." *Id.*

Husband would have us ignore the plain terms of section 36–4–114, which addresses the situation in which the defendant "admits the facts charged in the bill or petition and relied upon as the ground for a divorce," and mandates that the trial court "shall, nevertheless, before decreeing a divorce, ... hear proof of the facts alleged...." Without question, the statutes must be interpreted *in pari materia,* and thus the meaning of "stipulation" in section 36–4–129 must be construed in light of the express terms of section 36–4–114. Under Husband's interpretation, section 36–4–114 would be rendered a nullity.

In many instances, the defendant's admission of an allegation in a complaint would have the same effect as a stipulation. Further, we acknowledge the need for judicial economy as well as the benefit of expediting the resolution of cases, and understand the trial judge's impatience at a party's insistence that the trial court permit further discovery and hear proof of an allegation that has been admitted.[4]

---

4. It must be noted that the proposed decree of divorce proffered by Husband's counsel goes beyond merely declaring the parties divorced. While a division of the marital property was premature at that point, the proposed decree, adopted by the trial court, provides that "any property acquired by either party through their own work and endeavor subsequent to entry of this decree ... shall constitute that party's separate property." Husband has a substantial real estate development and homebuilding business, valued by Wife at over twenty million dollars. In urging the trial court to award the divorce to Wife as moved

Nevertheless, in interpreting the term "stipulation" in section 36–4–114, we must construe it as requiring mutual assent, as opposed to an admission as the term is used in section 36–4–114, in order to give full effect to both statutes, consistent with the evident intent of the legislature.

Thus, Husband's admission to Wife's allegations in this case cannot be deemed a "stipulation" under section 36–4–129. Accordingly, section 36–4–114 requires that the trial court "hear proof of the facts alleged...." Therefore, the trial court below erred in entering the decree of divorce prior to hearing such proof.

Consequently, the decision of the trial court is reversed and the cause is remanded for a hearing in accordance with section 36–4–114, as well as any other proceedings not inconsistent with this Opinion, in the discretion of the trial court. We do not address the level of proof required at the hearing on remand under section 36–4–114.[5] The proprietary of trial court's award of attorney's fees to Wife is not addressed in this appeal, as it was not part of the order made final and appealable under Rule 54.02 of the Tennessee Rules of Civil Procedure. Wife's request for attorney's fees on appeal is denied. All other issues raised on appeal are pretermitted.

The decision of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs are to be taxed against the appellee, William Russell

Hyneman, for which execution may issue, if necessary.

by Husband, Husband's attorney noted that the trial court would have to equitably divide the marital assets. He asserted that this could "not even begin until you have a divorce, until you have a cut-off date," and that, otherwise, Husband's real estate development business would be a "moving target." This provision was also objected to by Wife. It is

unclear how this factored into the parties' positions and the trial court's decision.

5. The Court defers to the trial court's discretion in ordering the proof at trial, recognizing the need to minimize time and resources devoted unnecessarily to issues not in dispute.