# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 18, 2013 Session

## FIRSTBANK v. LANDVIEW CONSTRUCTION, LLC, ET AL.

### Appeal from the Chancery Court for Knox County
### No. 180282-2    Daryl R. Fansler, Chancellor

### No. E2013-00918-COA-R3-CV-FILED-SEPTEMBER 30, 2013

Firstbank ("Plaintiff") sued Landview Construction, LLC, Winston D. Cox ("Defendants"), and Beverly Linkous[1] with regard to promissory notes secured by deeds of trust on three parcels of real property located in Knoxville, Tennessee. The parties attempted to enter into stipulations in lieu of presenting testimony at trial and informed the Trial Judge of these purported stipulations. After what passed as the trial, the Trial Court entered its Final Judgment finding and holding, *inter alia*, that Plaintiff be awarded a judgment in the amount of $149,192.22 against defendants Landview Construction, LLC and Winston D. Cox jointly and severally. Defendants appeal to this Court alleging that the Trial Court misconstrued the stipulations and as a result erred in the amount of the judgment. We find and hold that the purported stipulations were insufficient to show that the parties reached any agreement as to the stipulations. We, therefore, vacate the Trial Court's judgment and remand this case for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

---

[1]When we refer to Defendants in this Opinion, we refer only to Landview Construction, LLC and Winston D. Cox. In its brief on appeal, Plaintiff asserts that Beverly Linkous was nonsuited from the case pursuant to Tenn. R. Civ. P. 41 because she filed for bankruptcy. Plaintiff does not cite us to the record on appeal when making this assertion. Defendants, however, do not dispute this assertion. The record as transmitted to us contains nothing showing that the claims against Ms. Linkous were nonsuited. The Trial Court, however, does not mention the claims against Ms. Linkous in its Final Judgment. We note that in the interest of expediting a decision, we could exercise our discretion to deal with this appeal pursuant to Tenn. R. App. P. 2 even if the claims against Ms. Linkous remained.

Dale J. Montpelier and Stephen K. Perry, Knoxville, Tennessee, for the appellants, Landview Construction, LLC, and Winston D. Cox.

Walter N. Winchester and Joshua R. Holden, Knoxville, Tennessee, for the appellee, Firstbank.

## OPINION

## Background

Plaintiff sued Defendants alleging that Defendants should be held liable for, among other things, deficiency judgments on promissory notes post-foreclosure on the deeds of trust securing the notes. At trial, the parties attempted to enter into stipulations in lieu of presenting testimony and presented the purported stipulations to the Trial Court. After trial, the Trial Court entered its Final Judgment on November 28, 2012 finding and holding, *inter alia*, that Plaintiff be awarded a judgment against Landview Construction, LLC and Winston D. Cox jointly and severally in the amount of $149,192.22. The Final Judgment incorporated the Trial Court's Memorandum Opinion setting out the Trial Court's findings of fact and conclusions of law.

Defendants filed a Motion to Alter or Amend asserting that the Trial Court had misconstrued the stipulations made by the parties and, as a result, had made errors in the Final Judgment. Plaintiff filed a response and objection to the motion to alter or amend asserting, among other things, that Defendants "inaccurately represent[ed] the proof offered at trial." Defendants then filed a reply to Plaintiff's response to the motion to alter or amend arguing, among other things, that Plaintiff had too broadly construed the stipulations and that Defendants did not stipulate to the facts as asserted by Plaintiff. Plaintiff then filed a sur-reply again arguing its position with regard to the alleged stipulations.

The Trial Court held a hearing on the motion to alter or amend and incorporated by reference the transcript of this hearing into its order. The transcript shows that during the hearing the Trial Court stated, in pertinent part:

> Why don't we retry the whole case. Let's do that. Let's do that because, you know, we started out with a quote stipulation and now it doesn't look like we've got a stipulation.
>
> So the whole underpinning of this trial has been - - apparently there was no agreement between you all as to what the stipulation actually was.

* * *

I don't like this process of stipulating a trial, and then at the end one side says well, I didn't stipulate to that.

* * *

So I don't know how to do this. We either start this case over or we stand on what I've got here.

* * *

So I don't know. I mean we did this whole thing in about 25 or 30 minutes, and I've got 40 exhibits in this case. No proof from anybody. No testimony. I was just handed these papers, and you all tell me it's a trial and you've got these stipulations.

Now, nobody seems to agree as to what the trial was about. So I suggest we have a trial in this case if that's what you want, otherwise - -

After the hearing, the Trial Court entered its order on April 5, 2013 denying Defendants' motion to alter or amend. Defendants appeal to this Court.

### Discussion

Defendants raise two issues on appeal with regard to the Trial Court's interpretation of the stipulations. Plaintiff raises an issue regarding whether Defendants' appeal is frivolous entitling Plaintiff to an award of attorney's fees on appeal.

This case presents us with a unique situation. Without actually settling any issues pre-trial, the parties attempted to try the case solely upon purported stipulations without any testimony whatsoever. A careful and thorough review of the record on appeal reveals that there was considerable confusion at trial and at the hearing on Defendants' motion to alter or amend about the actual substance of the purported stipulations. The parties placed the Trial Court in the untenable position of attempting to sort out what was or was not stipulated to and then determining the import of those purported stipulations.

As this Court has explained:

By definition a stipulation is an agreement "which is entered into

-3-

mutually and voluntarily by the parties." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 701 (Tenn. Ct. App. 1999). This Court has recently described the nature of a stipulation:

> Parties may stipulate to questions of fact or legal strategies but may not stipulate to questions of law. Though a stipulation need not follow a particular form, its terms must be definite and certain in order to afford a proper basis for judicial decision. If the stipulation is ambiguous and uncertain in its terms, it should be disregarded by the courts. A stipulation should discuss the who, what, where and why of the contested matter, and specify the terms of the settlement and any conditions or sequence of events that attach thereto. Stipulations must be carefully constructed and drawn, and if they are not, they should not be incorporated in an order. Factors to consider in determining whether a stipulation was entered into properly are whether the party had competent representation of counsel, whether extensive and detailed negotiations occurred, whether the party agreed to the stipulation in open court, and whether, when questioned by the judge, the party acknowledged understanding the terms and that they were fair and equitable.

*Stumpenhorst v. Blurton*, No. W2000-02977-COA-R3-CV, 2002 WL 1751380, at \*4 (Tenn. Ct. App. Feb. 27, 2002) (citations and quotations omitted). Thus, a stipulation requires a mutual understanding between the parties as to the specific matter agreed upon, in terms that are "definite and certain in order to afford a proper basis for judicial decision." *Id.*

*Hyneman v. Hyneman*, 152 S.W.3d 549, 555 (Tenn. Ct. App. 2003).

It is clear from the record on appeal that the purported stipulations in this case did not represent "a mutual understanding between the parties as to the specific matter agreed upon, in terms that are 'definite and certain ….'" *Id.* As the stipulations were "ambiguous and uncertain in [their] terms …," the Trial Court should not have relied upon them. Unfortunately, the purported stipulations in this case were all that the parties presented to the Trial Court. We, therefore, vacate the Trial Court's November 28, 2012 Final Judgment and remand this case to the Trial Court for a new trial. Upon remand the parties are not bound by any of the purported stipulations previously made, but are free to enter into new stipulations should they so choose. If the parties do attempt to enter into new stipulations on remand, they need to take care to satisfy the law concerning stipulations as discussed in this

Opinion so that they present the Trial Court with legitimate stipulations.

Our decision to vacate the Trial Court's Final Judgment and remand the case for a new trial pretermits the necessity of addressing the other issues as raised by the parties. Additionally, as the purported stipulations are no clearer to us than they were to the Trial Court as reflected in the Trial Court's comments made at the hearing on Defendants' motion to alter or amend, the record is insufficient for us to do anything other than vacate the judgment and remand the case for trial.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed one-half against the appellants, Landview Construction, LLC, and Winston D. Cox, and their surety; and one-half against the appellee, Firstbank.

_____
D. MICHAEL SWINEY, JUDGE