## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 23, 2015 Session

## BRITTANY HATCHER LOEWEN v. JEFFREY WADE LOEWEN

### Appeal from the Chancery Court for Sumner County
### No. 2012DM350     Tom E. Gray, Chancellor

_____

### No. M2014-02501-COA-R3-CV – Filed October 22, 2015
_____

This is a divorce case. Wife/Appellant appeals the trial court's award of transitional alimony in the amount of $1,625.00 per month for three years. Because the record contains neither a transcript of the proceedings, nor a Tennessee Rule of Appellate Procedure 24 statement of evidence, we have no basis on which to review the ruling of the trial court. Affirmed and remanded.

### Tenn. R. App. P. 3; Judgment of the Chancery Court is Affirmed and Remanded.

KENNY ARMSTRONG, J. delivered the opinion of the Court, in which ANDY D. BENNETT, J., and BRANDON O. GIBSON, J. joined.

William L. Moore, Gallatin, Tennessee, for the appellant, Brittany Hatcher Loewen.

Mark T. Smith, Gallatin, Tennessee, for the appellee, Jeffrey Wade Loewen.

## OPINION

### I. Background and Procedural History

Appellant Brittany Hatcher Loewen ("Wife") and Appellee Jeffrey Wade Loewen ("Husband") were married in May 1997. At the time of the divorce, Husband was 43 years old and in good physical health. During the marriage, Husband was the primary wage earner. For the purposes of calculating child support, the trial court determined that Husband's gross monthly income was $15,600. Although Wife attended college at Western Kentucky, Wife

did not work outside the home during most of the marriage. However, she earned some income working part-time at Kohl's Department Store and working as a substitute teacher for the Sumner County Board of Education. The trial court imputed gross income of $1,005.00 per month to Wife for child support purposes. At the time of the divorce, Wife was 38 years old and addicted to alcohol.

The parties stipulated that grounds for divorce existed pursuant to Tennessee Code Annotated section 36-4-129, and a final decree was entered on August 22, 2013. The trial court did not enter a permanent parenting plan or an order allocating the marital estate at the time it entered the final decree of divorce. However, on March 17, 2014, the trial court entered a permanent parenting plan naming Husband as the primary residential parent of the parties' three minor children ages 15, 13, and 11. The court granted Mother parenting time every other weekend and two nonconsecutive weeks during the summer. Parenting time during other school breaks and vacations were split equally between the parties.

On April 9, 2014, the trial court entered an order and memorandum allocating the marital estate. The trial court awarded Wife an automobile, all of the household goods and furnishings in her possession, and all of the personal property in her possession. Likewise, Husband was awarded an automobile, all of the household goods and furnishings in his possession, and all of the personal property in his possession. Husband was also awarded his IRA, in the amount of $17,654, and a 2012 IRS refund in the amount of $3,757. Additionally, the trial court ordered Husband to pay all of the marital liabilities that consisted of approximately $42,000 in credit card debt. Both parties had inherited property, which the trial court classified as separate property. The value of this separate property is not in the record.

The trial court specifically found that Wife was disadvantaged and that Husband had the ability to pay alimony. Wife was awarded $1,625 per month in transitional alimony for a three year period. The purpose of this transitional alimony award was to help Wife earn a college degree and a teaching certificate. Pursuant to an earlier order on temporary support, Husband was ordered to pay Wife $1,700 each month. Between the entry of the temporary support order in August 2012 and the entry of the final order in April 2014, Husband did not make *any* of the monthly $1,700 payments. As a result, the trial court awarded Wife a $32,000 judgment against Husband.

Shortly after the entry of the April 2014 order, both parties filed motions to alter or amend the trial court's ruling. Wife argued that there was conflicting language in the various parenting orders, and these conflicts needed to be corrected. Wife also argued that the trial court's order failed to rule on Wife's request for attorney's fees. Wife also requested that the trial court change its alimony order to reflect the statutory language regarding co-habitation

contained in Tennessee Code Annotated section 36-5-121(g)(2)(C).

Husband argued that the trial court erred in awarding Wife a judgment against him in the amount of $32,000. Husband asserted that he should not have to pay the temporary support because Wife had gone into rehabilitation treatment after the entry of the temporary support order and had left the children with him. The record is silent as to whether the $1,700 monthly payment was intended to be child support or alimony. In a memorandum, which was incorporated into an order dated November 17, 2014, the trial court found that the temporary support was retroactively modifiable. The trial court granted Husband's motion in part and lowered the judgment against him from $32,000 to $16,000. The trial court denied the parties' motions in all other respects. Wife appeals.

## II. Issues

Wife presents the following issues on appeal:

1. Whether the trial court abused its discretion in failing to award long term alimony to Wife.
2. Whether the trial court abused its discretion in failing to award attorney's fees to Wife as alimony *in solido*.
3. Whether Wife should be awarded attorney's fees for the appeal as alimony *in solido*.

In the posture of Appellee, Husband presents the following issues on appeal:

1. Did the Appellant have a duty to furnish a transcript or statement of the evidence containing all of the facts of this case that were presented to the trial court at trial in order for this Court to undertake an appropriate review of the trial court's findings?
2. Can the Court of Appeals assume that had the complete record been preserved or a statement of the evidence prepared it would have contained sufficient evidence to support the trial court's findings?

## III. Standard of Review

On appeal, we review the trial court's findings of fact *de novo* on the record with the presumption that those findings are correct, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105-106 (Tenn. 2011); *Hyneman v. Hyneman,* 152 S.W.3d 549, 553 (Tenn. Ct. App. 2003). As a

result, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence. . . ." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998). Instead, "[t]he role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable." *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006). In other words, appellate courts decline to second-guess a trial court's spousal support decision absent an abuse of discretion. *Robertson v. Robertson*, 76 S.W.3d 337, 343 (Tenn. 2002). An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010). This standard does not permit an appellate court to substitute its judgment for that of the trial court, but "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives, and thus envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Henderson*, 318 S.W.3d at 335 (quoting *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). Consequently, when reviewing a discretionary decision by the trial court, such as an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision. *Gonsewski*, 350 S.W.3d at 105-06.

## IV.  Record on Appeal

A trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors. *Kinard*, 986 S.W.2d at 235; *see also Burlew v Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001); *Robertson*, 76 S.W. 3d at 340–41. There are numerous statutory factors to be considered when deciding the type, duration, and amount of alimony to be awarded. *See* Tenn. Code Ann § 36-5-121(i) (factors to consider when "determining whether the granting of an order for payment of support and maintenance to a party is appropriate. . .").

It is the duty of the appellant to prepare a record that conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal. Tenn. R. App. P. 24(b); *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *McDonald v. Onoh*, 772 S.W. 2d 913, 914 (Tenn. Ct. App. 1989). If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available . . . the

4

appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.

Tenn. R. App. P. 24(c). Although the record contains an excerpt of the hearing, this portion of the transcript contains only the trial court's ruling. Wife has provided no transcript of the evidence adduced at the hearing, nor has she provided this Court with a Tennessee Rule of Appellate Procedure 24(c) statement of the evidence. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Coakley v. Daniels,* 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *Capital City Bank v. Baker,* 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)). "The burden is likewise on the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this court can determine if the evidence does preponderate for or against the findings of the trial court." *Id.*

"In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley,* 840 S.W.2d at 370 (citing *McKinney v. Educator and Executive Insurers, Inc.,* 569 S.W.2d 829, 832 (Tenn. App. 1977)). To the extent that the issues on appeal turn on factual determinations, the absence of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal. *See Sherrod v. Wix,* 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (holding that without an appellate record containing the facts, the court must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings); *Baugh v. Moore,* No. M2013-02224-COA-R3-CV, 2015 WL 832589, at *3 (Tenn. Ct. App. Feb. 25, 2015). Without a transcript or statement of the evidence, we have no way to determine whether the evidence was sufficient to support the trial court's findings of fact and its conclusions of law based on those facts. Accordingly, we must conclusively presume that the findings of fact made by the trial court were supported by the evidence. *Sherrod,* 849 S.W.2d at 783; *Coakley,* 840 S.W.2d at 370; *McKinney,* 569 S.W.2d at 832; *Baugh* 2015 WL 832589, at *3-4. Because an award of alimony is factually driven, our ability to address Wife's issues concerning the alimony award "is severely hampered if not eliminated by the absence of transcripts of the hearing or the trial, or any statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c)." *Rowe v. Rowe,* No. E2005-01023-COA-R3-CV, 2007 WL 541813, at *5 (Tenn. Ct. App. Feb. 22, 2007).

Wife argues that the facts contained in the record support a finding that the trial court abused its discretion. As we stated in *Robbins v. Money*:

> We are an appellate court. We evaluate, under prescribed standards of review, what other tribunals or fact finders have done to determine if there are reversible errors in their rulings. We are prevented from doing so unless the totality of the evidence that led to those factually-driven determinations is laid before us.

*Robbins v. Money*, No. 03A01-9703-CV-00072, 1997 WL 406653, at *3 (Tenn. Ct. App. July 22, 1997). As previously stated, in the absence of a transcript or statement of the evidence, we must "assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherod*, 849 S.W. 2d at 783 (quoting *McDonald*, 772 S.W. 2d at 914). Therefore, we affirm the trial court's award of transitional alimony for a period of three years. Because we can make no meaningful review absent a transcript or statement of the evidence, we pretermit Wife's remaining issues concerning long term alimony and alimony *in solido*.

## V. Attorney's fees on appeal

Wife asks for an award of attorney's fees incurred on appeal. "In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case." *Moran v. Wilensky*, 339 S.W. 3d 651, 666 (Tenn. Ct. App. 2010)(citing *Archer v. Archer*, 907 S.W. 2d 412, 419 (Tenn. Ct. App. 1995)). Because we have affirmed the trial court's holdings in this case, we exercise our discretion and deny Wife's request for attorney's fees.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellant, Brittany Hatcher Loewen and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

6