
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 21, 2017 Session

**KRISTIE LINLEY SIBLEY v. COREY D. SIBLEY**

**Direct Appeal from the Circuit Court for Montgomery County**
**No. MC CC CV DN 14-0012     John H. Gasaway, III, Judge**

_____

**No. M2015-01795-COA-R3-CV**

_____

This is a divorce case. Wife was granted a divorce due to Husband's inappropriate marital conduct. The trial court then made a division of the parties' marital property and debt, which included an award to Wife of the marital residence and the equity therein. The court further awarded Wife $1,100 per month for 36 months in rehabilitative alimony and $3,000 in attorney's fees as alimony *in solido*. Husband appeals the trial court's awards of the marital residence and alimony to Wife. Wife seeks attorney's fees for defending this appeal. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings. Specifically, we affirm the trial court's award of the marital residence to Wife, and we vacate and remand for additional findings on the issues of alimony and attorney's fees. We deny Wife's request for attorney's fees on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, Vacated in part, and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Mark Robert Olson and Taylor Robinson Dahl, Clarksville, Tennessee, for the appellant, Corey D. Sibley.

Timothy T. Ishii, Nashville, Tennessee, for the appellee, Kristie Linley Sibley.

**OPINION**

**I. FACTS & PROCEDURAL HISTORY**

Kristie Linley Sibley ("Wife") and Corey D. Sibley ("Husband") married on April 24, 1998. No children were born of the marriage. Husband is a 100% disabled combat-wounded veteran. He was discharged from the military in 2005. In 2008, Husband was

convicted of theft of government property and sentenced to probation and ordered to pay approximately $17,000 in restitution. Husband admits Wife stood by his side throughout this ordeal and that the restitution was paid back during the parties' marriage. Wife has both a bachelor's degree and a master's degree and worked at a community college for several years during the marriage. After Husband's conviction, Husband and Wife began a catering business together. According to Wife, Husband began to leave the marital residence for periods of time beginning in 2013. Husband eventually became disillusioned with the parties' catering business and simply quit and went to Arizona and then Miami. Wife was left to handle the business' debts and dissatisfied customers.

On January 3, 2014, Wife filed a complaint for legal separation, which alleged irreconcilable differences and inappropriate marital conduct. In her complaint, Wife requested that the court make an equitable distribution of the parties' property and award her alimony, both temporary and permanent, as well as attorney's fees. Husband filed an answer to wife's complaint and a counter-complaint for divorce on February 18, 2014. In response to Wife's complaint, Husband admitted that the parties had irreconcilable differences but denied that he was guilty of inappropriate marital conduct. Husband's counter-complaint sought a divorce from Wife based on grounds of irreconcilable differences and alleged that Wife was guilty of inappropriate marital conduct. Husband prayed that the court make an equitable division of the parties' real and personal property, make an apportionment of the parties' joint debt, require each party to pay their own individual debts, and award Husband attorney's fees. Wife responded by denying that she was guilty of inappropriate marital conduct.

During the pendency of the separation and divorce proceedings, Wife filed a motion asserting that Husband removed her as his designated caregiver with the Veterans Administration ("VA"), which cancelled her health insurance through the VA and caused her to incur substantial medical bills. Wife requested that the court reinstate her health insurance and award her temporary spousal support. Husband opposed Wife's motion. After a hearing, the trial court held that it did not have jurisdiction to reinstate Wife's health care benefits but ordered Husband to continue paying expenses related to the marital residence and pay Wife $500 per month in temporary spousal support. Wife then filed a motion alleging that Husband cancelled her homeowners and automobile insurance policies. She requested the court to order Husband to reinstate these insurance policies and pay her monthly health insurance premium. This motion was also brought before the court for a hearing, and the court granted Wife's motion requiring Husband to continue paying for the homeowners and automobile insurance and to pay Wife an additional $84.81 per month for her health insurance premium.

The trial on Wife's complaint for legal separation and Husband's counter-complaint for divorce took place on July 27, 2015. The trial court heard argument from

counsel for both parties, testimony from Husband, Wife, and Husband's new caregiver, and admitted items into evidence. At the close of proof, the trial court requested that the attorneys for both parties submit proposed rulings for its review, and the court took the matter under advisement. The court entered a final decree of divorce on August, 31, 2015 ("Final Decree"). During the hearing on July 27, 2015, the court declared the parties divorced; however, in the Final Decree, the court determined it proper to award a divorce to Wife, stating as follows:

> Initially [Wife] requested a legal separation, however, after the proof, she made an oral motion to amend, and there was no objection by [Husband] as he was already requesting a divorce. The Court finds that [Husband] admitted his infidelity, and was forced to contact [Wife] to inform her that she might have a disease due to his infidelity. Therefore, [Wife] is granted a divorce due to the inappropriate marital conduct of [Husband].

The court then went on to divide the marital estate, with the parties' primary assets being the marital residence and a few vehicles. The court awarded Wife the marital residence, including the equity therein, and gave each party the personal property in their possession, including their respective automobiles. The remainder of the distribution of marital assets related to the apportionment of debt. The marital residence was encumbered with delinquent property taxes although Husband testified that he should qualify for tax relief available to veterans. To that end, the court ordered Husband to complete the tax forms necessary to dispose of the property's delinquent taxes and held that Wife would be responsible for any property taxes accruing on and after August 1, 2015. There were also debts related to the parties' catering business venture. Wife testified that a credit card she held in her name was used for the parties' business, and that the card had a balance of around $12,000. The court ordered Husband and Wife were equally responsible for the payment of that debt. The court ordered Husband to pay any additional debts associated with the business, including any debts owed to the State of Tennessee and the Better Business Bureau. The court further ordered that Wife would be responsible for paying the balance of her student loans, which she testified was around $100,000. Finally, the court addressed Wife's request for spousal support. Wife requested an award of $1,800 per month for 7 years. The court summarily ordered Husband to pay Wife $1,100 per month in rehabilitative alimony for 36 months and $3,000 in attorney's fees as alimony *in solido*.

## II. ISSUES PRESENTED

Husband presents the following issues for review on appeal, which we have restated:

1. Whether the trial court erred in awarding the marital residence and

3

the equity therein to Wife?

2.    Whether the trial court erred in awarding rehabilitative alimony and alimony *in solido* to Wife?

Wife requests that we award her attorney's fees incurred on appeal.

### III.    DISCUSSION

This case was tried by the trial court without a jury. We therefore review the trial court's findings of fact *de novo* with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Also, because the trial court has the opportunity to observe the demeanor of the witnesses and hear the in-court testimony, we afford considerable deference to the trial court's credibility determinations and the weight given to oral testimony. *Andrews v. Andrews*, 344 S.W.3d 321, 339 (Tenn. Ct. App. 2010). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Hyneman v. Hyneman*, 152 S.W.3d 549, 553 (Tenn. Ct. App. 2003).

### A.  Award of Marital Home

Husband first contends that the trial court committed reversible error by granting the marital residence and its equity entirely to Wife. This Court has set forth the following principles with regard to a trial court's division of marital property:

> A division of marital property is not rendered inequitable simply because it is not precisely equal, or because each party did not receive a share of every piece of marital property. The fairness of the trial court's approach is inevitably reflected in its results.
>
> The approach to dividing a martial estate should not be mechanical, but rather should entail carefully weighing the relevant factors in Tenn. Code Ann. § 36-4-121(c) in light of the evidence that the parties have presented. Trial courts have broad discretion in fashioning an equitable division of marital property, and appellate courts must accord great weight to a trial court's division of marital property. Accordingly, it is not our role to tweak the manner in which the trial court has divided the marital property. Rather, our role is to determine whether the trial court applied the correct legal standards, whether the manner in which the trial court weighed the factors in Tenn. Code Ann. § 36-4-121(c) is consistent with logic and reason, and whether the trial court's division of marital property

4

is equitable.

> The division of the marital estate includes both the division of marital property and the allocation of the marital debt. Trial courts have not completely divided a marital estate until they have allocated both the marital property and the marital debt. Thus, an examination of the manner in which a trial court divided the marital property must take into consideration how the trial court allocated the marital debt.

*Owens v. Owens*, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007) (internal citations omitted). To that end, we must not simply review the award of the home in a vacuum. Rather, we review the trial court's entire division of the marital assets and liabilities to determine the propriety of awarding the marital residence to Wife.

In the case at hand, the parties did not have a substantial amount of marital property. As a whole, the parties' debt appears to have exceeded the value of their assets. The parties agreed at mediation that they would retain their respective vehicles, and the trial court awarded the marital residence to Wife, which was encumbered with a mortgage.[1] However, the trial court was also tasked with distributing the parties' debt. The court ordered that the parties equally split a credit card balance with debt associated with the parties' business. Husband was ordered to pay any additional debts associated with the business. Wife was ordered to pay her student loans, which she estimated to be around $100,000.

Although it is not clear whether the court's division of assets and debt was exactly equal to each party, the goal is an equitable distribution of property, not equal. *See* Tenn. Code Ann. § 36-4-121(a)(1). We conclude that the trial court's distribution of marital property was not an abuse of discretion. We affirm the trial court's award of the marital residence to Wife.

### B. Award of Spousal Support

We now turn to Husband's assertion that the trial court erred in awarding rehabilitative alimony and alimony *in solido* to Wife. The Tennessee Supreme Court has articulated a deferential standard of review applicable to a trial court's decision on matters of alimony:

> For well over a century, Tennessee law has recognized that trial courts should be accorded wide discretion in determining matters of spousal

---

[1]At trial, the parties testified that equity in the home was just under $50,000.

support. . . . This well-established principle still holds true today, with this Court repeatedly and recently observing that trial courts have broad discretion to determine whether spousal support is needed and, if so, the nature, amount and duration of the award. . . .

Equally well-established is the proposition that a trial court's decision regarding spousal support is factually driven and involves the careful balancing of many factors.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105-06 (Tenn. 2011) (footnote and internal citations omitted).

Husband asserts that the trial court's order awarding alimony contains insufficient findings of fact as to Wife's need in order to affirm the award on appeal. The entirety of the trial court's discussion of its award of alimony is as follows:

[Wife] is requesting alimony for 7 years. The Court awards [Wife] the sum of $1,100 per month as rehabilitative alimony for thirty-six (36) months beginning August 1, 2015. [ ] [Husband] shall insure his life and name [Wife] as the beneficiary in the amount of alimony awarded to [Wife] and said amount shall continue until the alimony is paid in full. [ ] [Wife] is awarded the sum of $3,000.00 as alimony *in solido* for a portion of her attorney's fees. These sums are to be paid to [Wife's] attorney within ninety (90) days of the entry of the Final Decree. At the 90 day period, if the attorney's fees are not paid in full, the award shall accrue interest at a statutory rate of 10% per annum.

Tennessee Code Annotated section 36-5-121(i) sets forth a non-exhaustive list of factors for a court to consider when determining whether an award of alimony is appropriate, and, if so, the nature, amount, term, and manner of payment of said alimony, including:

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

6

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-121(i). Our supreme court held that "a trial court must consider all relevant factors in § 36-5-101(d)(1) to determine whether an economically disadvantaged spouse can be rehabilitated." *Robertson v. Robertson*, 76 S.W.3d 337, 343 (Tenn. 2002). Also, Wife's award of attorney's fees constitute an award of alimony *in solido*, and this Court has held that "a trial court considering a request for attorney's fees must consider the factors contained in Tennessee Code Annotated § 36-5-121(i), with the most important factors being the need of the economically disadvantaged spouse and the ability of the obligor spouse to pay." *Watson v. Watson*, 309 S.W.3d 483, 501 (Tenn. Ct. App. 2009).

Such an analysis is lacking in this case. The trial court did not explain how or why it reached its decision on the issues of alimony or attorney's fees. Perhaps most

importantly, the Final Decree lacks any discussion of Wife's need or Husband's ability to pay either the rehabilitative alimony or the attorney's fees, nor was there a determination that Wife had the need to be or was capable of being rehabilitated. We therefore cannot determine whether the trial court abused its discretion. Accordingly, we vacate the trial court's order as it pertains to the awards of rehabilitative alimony and attorney's fees as alimony *in solido* and remand for entry of an order addressing these issues in compliance with Rule 52.01. *See Parrish v. Parrish,* No. W2013-00316-COA-R3-CV, 2013 WL 3203352, at *2 (Tenn. Ct. App. June 21, 2013) (discussing the need for specific findings under Rule 52.01 to explain an award of alimony); *Hudson v. Hudson,* No. 02A01-9412-CH-00282, 1996 WL 165293, at *4 (Tenn. Ct. App. Apr. 4, 1996) (remanding for appropriate findings regarding a spouse's ability to pay some or all of the other spouse's insurance costs as alimony); *Kathryne B.F. v. Michael B.,* No. W2013-01757-COA-R3-CV, 2014 WL 992110, at *8 (Tenn. Ct. App. Mar. 13, 2014) (remanding for specific findings concerning the trial court's reasons for denying a request for attorney's fees).

### C. Attorney's Fees on Appeal

The determination of whether to award attorney's fees on appeal is within the sole discretion of the appellate court. *Moses v. Moses,* E2008-00257-COA-R3-CV, 2009 WL 838105, at *10 (Tenn. Ct. App. Mar. 31, 2009) (citing *Archer v. Archer,* 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). Considering the lack of factual findings in the trial court, we must decline to award Wife her attorney's fees incurred on appeal.[2]

### IV. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court with respect to the award of the marital residence to Wife, and we vacate and remand for additional findings on the issues of alimony and attorney's fees. We deny Wife's request for attorney's fees on appeal. Costs of this appeal are taxed one-half to Wife, and one-half to Husband, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

---

[2]Our holding on attorney's fees on appeal does not preclude a request for such fees in the future, if necessary.

8