IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 16, 2003 Session

## CYNTHIA FAYE DAVIS v. TERRY REGGIE DAVIS

**Direct Appeal from the Chancery Court for Gibson County**
**No. 15926      George R. Ellis, Chancellor**

---

**No. W2002-02998-COA-R3-CV - Filed October 28, 2003**

---

This case involves an appeal from the trial court's final decree of absolute divorce providing for division of marital property, alimony award, and award of attorney's fees. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; Reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

John Van Den Bosch, Jr., Jackson, Tennessee, for the appellant, Terry Reggie Davis.

Jeffrey A. Smith, Trenton, Tennessee, for the appellee, Cynthia Faye Davis.

### OPINION

Appellee, Cynthia Faye Davis (Ms. Davis), and Appellant, Terry Reggie Davis (Mr. Davis), married on September 24, 1993. On May 2, 2002, Ms. Davis filed for divorce alleging grounds of inappropriate marital conduct and adultery. In the complaint, Ms. Davis prayed for a division of marital property, alimony in futuro, and attorney's fees. Mr. Davis answered the divorce complaint and counter-filed for divorce alleging grounds of adultery and irreconcilable differences. Mr. Davis asked the court for an absolute divorce along with costs and attorney's fees. In addition to the answer and counter-complaint, Mr. Davis filed a statement of his income and expenses. Subsequently, Ms. Davis filed a statement of the contested and stipulated issues and assets. She also filed an affidavit of her income and expenses.

On September 24, 2002, the case was heard before the trial court. On November 15, 2002, the trial court entered its final decree granting Ms. Davis an absolute divorce. The trial court awarded Ms. Davis the house in which the parties lived along with its contents. The court also awarded Ms. Davis the "2001 Chevrolet Silverado, subject to her renegotiation of the debt

with [the] Bank of Dyer" and "one-half of the Defendant's retirement with the State of Tennessee earned during the course of marriage." The court further ordered Mr. Davis to pay alimony in futuro in the amount of $850.00 per month and Ms. Davis' attorney's fees for the proceedings.

Following the final divorce decree, Mr. Davis filed a notice of appeal. In the absence of a transcript, the record contains a statement of the evidence, as amended. In these statements, the parties stipulated that Ms. Davis was totally disabled and that Mr. Davis had no "technical interest" in the marital home before the marriage.

## Issues Presented

Mr. Davis appeals and raises the following issues for review by this Court:

1.  Whether the trial court erred in the division of marital property.

2.  Whether the trial court erred in granting Ms. Davis one-half of Mr. Davis' retirement with the State of Tennessee earned during the course of the marriage.

3.  Whether the trial court erred in its award of alimony in futuro to Ms. Davis.

4.  Whether the trial court erred in awarding attorney's fees to Ms. Davis.

Ms. Davis raises the following additional issue for review by this Court:

1.  Whether Ms. Davis should be awarded attorney's fees for this appeal.

## Standard of Review

Our review of a trial court's conclusions on issues of law is *de novo*, with no presumption of correctness. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002). Our review of a trial court's finding on issues of fact is *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Kendrick*, 90 S.W.3d at 569. Where the trial court makes no specific findings of fact on a matter, we must review the record to determine where the preponderance of the evidence lies and accord no presumption of correctness to the conclusion of the court below. *Kendrick*, 90 S.W.3d at 569.

## Distribution of Martial Property

Mr. Davis argues that the trial court erred by awarding Ms. Davis a grossly unfair distribution of property. Specifically, Mr. Davis argues that the trial court erred in its distribution of the marital home and its contents. In the amended statement of the proceedings, Mr. Davis stipulated that he had no technical interest in the house as Ms. Davis had brought the home into the marriage. Additionally, Mr. Davis stipulated to the award of the home's contents to Ms. Davis. Therefore, the evidence does not preponderate against the trial court's award of the house and its contents to Ms. Davis.

Mr. Davis also argues that the trial court erred in awarding Ms. Davis the 2001 Chevrolet Siverado. Ms. Davis's statement of income and expenses, which, according to the amended statement of the proceedings, has been made an exhibit, indicates that this vehicle has a value of $10,000 and a debt of $27,000. Furthermore, Mr. Davis' statement, likewise shown to be an exhibit, indicates surrender of the vehicle in bankruptcy. The final divorce decree awarded Ms. Davis the "2001 Chevrolet Silverado, subject to her renegotiation of the debt with [the] Bank of Dyer." We find no error in the trial court's award of the 2001 Chevrolet Silverado to Ms. Davis.

## Retirement Award

Mr. Davis next contends that it was error for the trial court to award Ms. Davis one-half of his retirement with the State of Tennessee earned during the marriage. Marital property includes "the value of vested and unvested pension, vested and unvested stock option rights, retirement or other fringe benefit rights relating to employment that *accrued during the period of the marriage*." Tenn. Code Ann. § 36-4-121(b)(1)(B) (2001) (emphasis added). However, there was no prayer for an award of one-half of Mr. Davis' retirement contained in Ms. Davis' complaint nor did she list the enumerated category of division of retirement as a contested issue in her statement of the contested and stipulated issues filed with the trial court. Further, there is no evidence in the record to indicate the worth, increase, and amount earned during the marriage. Therefore, this Court has no choice but to reverse the trial court's award of one-half of Mr. Davis' retirement with the State of Tennessee earned during the marriage.

## Alimony Award

The trial court awarded Ms. Davis alimony in futuro in the amount of $850.00 a month. Mr. Davis contends it was error to make such an award when the court did not consider all the enumerated factors contained in Tenn. Code Ann. § 36-5-101(d)(1) (2001). Mr. Davis specifically alleges that the trial court failed to make proper inquiry into the extent of Ms. Davis' disability and her efforts for rehabilitation. However, Mr. Davis is precluded from contending the extent of Ms. Davis's disability as he stipulated to the fact that she is disabled in the statement of evidence. Determinations of alimony are factually driven and "[a]s a general matter, we are disinclined to alter a trial court's decision unless it is not supported by the evidence or is contrary to the public policy embodied in the applicable statutes." *Brown v. Brown*, 913 S.W.2d

163, 169 (Tenn. Ct. App. 1994) (citing *Williams v. Williams*, 236 S.W. 938, 940 (Tenn. 1922); *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988)).  Upon reviewing the record, the evidence does not preponderate against the trial court's award of alimony in futuro in the amount of $850.00 a month to Ms. Davis.  Accordingly, we affirm the trial court's award of alimony.

## Attorney's Fees

Mr. Davis next contends that it was error for the trial court to award attorney's fees to Ms. Davis.  In Tennessee, attorney's fees paid to the wife, who successfully prosecutes a divorce case, are treated "as part of the expenses incident to the cause and allowed as alimony." *Riley v. Riley*, 9 Tenn. App. 643, 644 (Tenn. Ct. App. 1929) (citing *Winslow v. Winslow*, 182 S.W. 241, 243 (Tenn. 1916));  *see also Connors v. Connors*, 594 S.W.2d 672, 675 (Tenn. 1980).  Upon review of the record, we believe that it establishes a proper basis for an award of reasonable attorney's fees.  However, the final divorce decree does not state the specific amount to be awarded.  Therefore, this cause is remanded to the trial court for a determination of the proper amount of attorney's fees to be awarded.

Ms. Davis has also asked this Court for an award of attorney's fees incurred on this appeal.  It is clear that, if proper, courts have the authority to award additional attorney's fees incurred on appeal. *Seaton v. Seaton*, 516 S.W.2d 91, 93 (Tenn. 1974).  The record establishes a proper basis for an award to Ms. Davis of her reasonable attorney's fees incurred on appeal. *Thomas v. Thomas*, No. E1999-00563-COA-R2-CV, 2000 WL 276886, at *2 (Tenn. Ct. App. March 15, 2000) (*no perm. app. filed*).  We remand to the trial court for a determination of the amount of reasonable attorney's fees incurred on appeal.

## Conclusion

We affirm the trial court's award of the marital home, its contents, and the "2001 Chevrolet Silverado, subject to her renegotiation of the debt with [the] Bank of Dyer," to Ms. Davis.  We reverse the trial court's award of one-half of Mr. Davis's retirement with the State of Tennessee earned during the course of the marriage.  We affirm the trial court's award of attorney's fees to Ms. Davis and remand for a determination by the trial court of the proper award amount.  We also remand to the trial court for a determination of the proper amount of attorney's fees incurred on this appeal.  Costs of this appeal are taxed to the appellant, Terry Reggie Davis, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-4-