FILED
11/13/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 17, 2019 Session

## ANTHONY C. HOWELL v. NOEL RUTH KAIL HOWELL

**Appeal from the Circuit Court for Shelby County**
**No. CT-000688-17  Robert Samual Weiss, Judge**

_____

### No. W2019-00061-COA-R3-CV
_____

In this divorce case, Husband/Appellant appeals the trial court's award of $30,000 in alimony *in solido* to Wife and its award of $30,000 for Wife's attorney's fees as additional alimony *in solido*. Discerning no errors, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and CARMA D. MCGEE, JJ., joined.

Rachel E. Putnam, John D. Woods III, Memphis, Tennessee, for the appellant, Anthony C. Howell.

John C. Ryland, Memphis, Tennessee, for the appellee, Noel Ruth Kail Howell.

### OPINION

### I. Background

Appellant Anthony C. Howell ("Husband") and Appellee Noel Ruth Kail Howell ("Wife") were married on June 7, 2008. During the course of the parties' marriage, Husband and Wife each had periods of unemployment and struggled financially. At the beginning of the marriage, Husband worked full-time as an auto mechanic. In 2009, Husband suffered an injury, which prevented him from working as a mechanic. Thereafter, Husband worked as an auto parts manager. In March 2017, after receiving an inheritance, see *infra*, Husband left full-time employment and worked part-time for his brother-in-law's towing company. During the marriage, Wife worked cleaning houses and doing fire and water restoration work. In 2015, Wife's adult son from a previous relationship died; in the wake of this event, Wife took leave of her employment.

Although Wife later returned to work, her ability to clean houses and do restoration work was limited due to her poor health, discussed *infra*.

The parties separated on June 20, 2016, and Husband moved from the marital residence. In February 2017, Husband admitted to Wife that he had been living with his girlfriend since he left the marital residence. Shortly thereafter, on February 15, 2017, Husband filed a complaint for divorce alleging irreconcilable differences. On February 27, 2017, less than two weeks after Husband filed the complaint, his father died. One week later, Husband's paternal grandmother died. Husband was the sole heir of both estates and inherited real and personal property totaling $702,653.00. On March 6, 2017, Wife filed an answer to Husband's complaint and a counter-complaint for divorce alleging the grounds of inappropriate marital conduct and abandonment.

The case was tried on July 12 and 16, 2018. Prior to the hearing, the parties settled the division of certain marital property, and Wife received most of the marital assets, which were valued at approximately $21,193.54; however, only $116.99 of this was liquid assets. The parties proceeded to trial on the remaining issues.[1]

By order of September 11, 2018, the trial court awarded Wife a divorce on grounds of Husband's inappropriate marital conduct and abandonment. As is relevant to this appeal, the trial court awarded Wife $30,000 in alimony *in solido*, payable at $1,000 per month for thirty months. The trial court also ordered Husband to pay part of Wife's attorney's fees in the amount of $15,541.96 as additional alimony *in solido*. On October 5, 2018, Wife filed a motion to alter or amend the final decree of divorce seeking an increase in the alimony *in solido* award from $30,000 to $60,000. Wife also sought additional attorney's fees. The trial court heard Wife's motion on November 9, 2018. On December 11, 2018, the trial court entered an amended final decree. Therein the trial court denied Wife's motion to increase the $30,000 alimony *in solido* award, but it granted her motion for additional attorney's fees. Specifically, the trial court awarded Wife an additional $14,458.04 (for a total of $30,000) in attorney's fees as alimony *in solido*. Husband appeals.

## II. Issues

Husband raises three issues for review, which we restate as follows:

1. Whether the trial court erred when it awarded wife alimony?

2. Whether the trial court erred in awarding Wife attorney's fees?

---

[1] The trial court dismissed Husband's complaint for divorce and proceeded to trial on Wife's counter-complaint.

3. Whether the trial court erred in awarding additional attorney's fees on Wife's motion to alter or amend?

In the posture of Appellee, Wife asks this Court to award her attorney's fees and costs accrued in defense of this appeal.

### III. Standard of Review

We review the trial court's findings of fact *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of these findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Langschmidt v. Langschmidt***, 81 S.W.3d 741, 744 (Tenn. 2002). With respect to the trial court's conclusions of law, however, our review is *de novo* with no presumption of correctness. ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997); ***Broadbent v. Broadbent***, 211 S.W.3d 216, 219-20 (Tenn. 2006).

The issues presented in this appeal involve only the trial court's award of alimony *in solido*. A trial court has wide discretion in making an award of alimony. ***Owens v. Owens***, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007); ***Bratton v. Bratton***, 136 S.W.3d 595, 605 (Tenn. 2004). An award of alimony depends on the circumstances of each case, and the need of the recipient spouse and the obligor spouse's ability to pay are the primary considerations. *See, e.g.*, ***Burlew v. Burlew***, 40 S.W.3d 465, 472 (Tenn. 2001). When determining the type and amount of alimony to be awarded, the trial court must balance several statutory factors, including those enumerated in Tennessee Code Annotated section 36-5-121, *infra*. Although there is a preference for rehabilitative alimony, the type and amount of an alimony award remain largely within the discretion of the trial court. *Id.* at 470. "Accordingly, '[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes.'" ***Bogan v. Bogan***, 60 S.W.3d 721, 727 (Tenn. 2001) (quoting ***Kinard v. Kinard***, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998)). The role of an appellate court in reviewing an award of spousal support is to determine whether the trial court applied the correct legal standard and reached a decision that is not clearly unreasonable. *Id.* at 733.

### IV. Analysis

### A. Alimony and Attorney's Fees

Concerning the award of alimony, the trial court's order states, in relevant part:

This Court considered each and every statutory factor contained in Tenn. Code Ann. 36-5-121(i) as presented through the testimony of the parties, witnesses and statements and argument of counsel. This Court

found the length of the marriage was approximately ten years, but only eight years of the parties living together prior to separation. Additionally, this Court found that the parties came into the marriage with approximately equal assets, though both were minimal. Both parties have a similar age and mental condition and there is no custodial obligation of minor children. Both parties have a high school diploma or G.E.D. equivalent. At the time of the divorce hearing, Wife was fifty-seven (57) years old and Husband was fifty-one (51) years old.

Factors this Court considered persuasive were the disabilities and physical conditions of the parties; the earning condition of the parties; the separate assets of the parties; and the relative fault of the parties with fault being the biggest factor.

This Court found Husband to be the sole party at fault in the dissolution of this marriage and that his actions directly caused the divorce to be filed. This Court heard testimony as to the alleged physical disabilities of both parties which allegedly have prevented them from full-time gainful employment over the last several years of the marriage. Proof was presented by Husband in the form of medical records that he has substantial and continuing injuries to his ankles, wrists, and heart, and that he had applied for Social Security Disability, which was denied. Both parties and both of Wife's witnesses testified the Husband has been working full time or attempting to work full time up to and until the death of his father and grandmother, at which time the evidence showed he expected to benefit from an inheritance and decided to stop working. At the time of his expected inheritance, approximately March, 2017, Husband ceased to be employed and did not return to any other gainful employment, other than working sporadically for his brother-in-law. Under these circumstances, the Court finds that Husband's claim of disability i[s] an effort to either try to minimize his income or to come up with some justification for why he has not been working, other than the fact that he received the aforementioned inheritance.

Wife testified that she suffered from back pain, migraines and arthritis as a result of a back injury suffered during a scooter wreck with Husband, and a car accident later that same year. Wife secured a full-time job after the separation, but because she suffered from a bout of Bronchitis she was too sick to continue full-time employment at that time . . . . Evidence was presented at trial by Husband that when fully-employed, both parties had a substantial parity in earning power.

The predominant issue at the heart of this litigation was the

- 4 -

inheritance Husband received from his father and paternal grandmother which totaled . . . $702,653.00[]. Neither party contested, and this Court agrees that said inheritance is Husband's separate property. As a factor for consideration of an award of alimony *in solido* and pursuant to Tenn. Code Ann. § 36-5-102(a), this Court found that Husband's substantial post-Complaint inheritance was proper to consider as a source of an award of alimony *in solido* to Wife. This Court finds that it is just and equitable that Wife shall be awarded [$30,000] as alimony *in solido*.

Tennessee Code Annotated section 36-5-121(i) lists several factors that a trial court should consider in making an award of alimony. As is relevant to this case, those factors include:

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

\*\*\*

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property;

\*\*\*

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so;

Tenn. Code Ann. § 36-5-121(i). Although each of these factors must be considered when relevant to the parties' circumstances, "the two that are considered the most important are

the disadvantaged spouse's need and the obligor spouse's ability to pay." ***Burlew,*** 40 S.W.3d at 472; ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 110 (Tenn. 2011) (citation omitted).

On appeal, Husband argues that the trial court failed to make sufficient findings concerning Wife's need for alimony and his ability to pay. Indeed, Tennessee Rule of Civil Procedure 52.01 requires that "the court shall find the facts specially and shall state separately its conclusions of law." However, "[t]here is no bright-line test by which to assess the sufficiency of the factual findings." ***Lovlace v. Copley***, 418 S.W.3d 1, 35 (Tenn. 2013). Rather, "the findings of fact must include as much of the subsidiary facts as [are] necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion . . . ." ***Id.***

As set out in context above, the trial court found that Wife suffers from various physical ailments such that she cannot presently work full-time. These findings go to the heart of Wife's need for alimony. Although the trial court did not specifically state that Wife is in need of alimony, the findings concerning her health and lack of employment inferentially lead to that conclusion. This Court has held that a trial court's implicit findings may be sufficient to determine that a disadvantaged spouse is in need of alimony. *See, e.g.*, ***Tooley v. Tooley***, No. M2017-00610-COA-R3-CV, 2018 WL 1224946, at \*6 (Tenn. Ct. App. Mar. 8, 2018) (affirming that the trial court implicitly found that economic rehabilitation is not feasible); ***Kienlan v. Kienlan***, No. E2007-00067-COA-R3-CV, 2007 WL 2000087, at \*3 (Tenn. Ct. App. 2007) (determining that the evidence supports the court's implicit finding that the wife is at an economic disadvantage relative to the husband for purposes of a spousal support award); ***Barlew v. Barlew***, No. E2004-01654-COA-R3-CV, 2005 WL 954797, at \*3 (Tenn. Ct. App. Apr. 26, 2005) (holding that the evidence supports trial's courts implicit finding that Wife is economically disadvantaged relative to Husband); ***Booker v. Booker***, No. M2005-01455-COA-R3-CV, 2006 WL 3044154, at \*4 (Tenn. Ct. App. 2006) (agreeing with the trial court's implicit finding that wife is economically disadvantaged). The evidence does not preponderate against the trial court's explicit and implicit findings concerning Wife's need for alimony. Wife was fifty-seven years old at the time of the hearing and was in poor health. Although Wife worked throughout the marriage, at the time of the hearing, she was not able to work full-time. In 2017, Wife lost the marital residence because she was unable to pay the mortgage. She has since moved in with her mother-in-law; however, Wife's affidavit listing her monthly expenses total $3,051.00, which includes an amount of $900.00 for her own residence.

Husband next contends that the trial court failed to consider all relevant statutory factors. In the first instance, the trial court's order specifically states that "[t]his Court considered each and every statutory factor contained in Tenn. Code Ann. 36-5-121(i) . . . ." It is well settled that a trial court speaks through its orders. ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App. Oct. 28, 1977). Because the trial court states that it

considered the statutory factors, we must assume that it did, in fact, do so. Nonetheless, it is clear from the court's specific findings that it considered the relevant statutory factors. In this regard, the court made specific findings concerning: (1) the parties "relative earning capacit[ies]," i.e., "when fully-employed, both parties had a substantial parity in earning power;" (2) the "relative education and training of each party," i.e., "[b]oth parties have a high school diploma or G.E.D. equivalent;" (3) the length of the marriage, i.e., "the length of the marriage was approximately ten years, but only eight years of the parties living together prior to separation;" (4) "the age and mental condition of the parties," i.e., "[b]oth parties have a similar age and mental condition. . . . At the time of the divorce hearing, Wife was fifty-seven (57) years old and Husband was fifty-one (51) years old;" (5) "[t]he physical condition of each party," i.e., the court noted the physical injuries to Husband's "ankles, wrists, and heart" and Wife's "back pain, migraines, . . . arthritis . . . [and] [b]ronchitis;" (6) "[t]he separate assets of each party," i.e., the trial court weighed Husband's $702,653 inheritance against Wife's assets; and (7) "[t]he relative fault of the parties," i.e., "[t]his Court found Husband to be the sole party at fault in the dissolution of this marriage." Based on the foregoing findings, it is clear that the trial court considered the relevant statutory factors and made sufficient findings on each. Although we concede that the trial court did not consider every statutory factor, the statute only mandates that the trial court "shall consider all **relevant** factors." Tenn. Code Ann. § 36-5-121(i) (emphasis added). The trial court is not required to consider each and every statutory factor but may limit its findings to those factors it deems relevant to the question of alimony in each individual case. *See **Burlew v. Burlew***, 40 S.W.3d 465, 470 (Tenn. 2001).

Husband further argues that the trial court's award of alimony *in solido* was punitive or, alternatively, was an impermissible "back-doored division of Husband's separate property . . . pursuant to Tenn. Code Ann. § 36-4-121." We disagree. As discussed above, in awarding alimony, a trial court may consider the parties' separate assets. Tenn. Code Ann. § 36-5-121(i)(7). Here, the trial court did so by noting Husband's inheritance. At no point in its order does the trial court indicate that the inherited amount is marital property; in fact, the court specifically states that, "Neither party contested, and this Court agrees that said inheritance is Husband's separate property." Nonetheless, Husband would have us interpret the trial court's order to be an impermissible division of Husband's separate property. However, the unambiguous language used by the trial court in its order clearly shows that the court considered the separate property only in determining that Husband had the ability to pay alimony, to-wit: "**As a factor for consideration of an award of alimony *in solido***, and pursuant to Tenn. Code Ann. § 36-5-102(a), this Court found that Husband's substantial post-complaint inheritance was proper to consider as a **source** of an award of alimony . . . ." (emphases added). Under the statutory scheme, the trial court was correct to consider Husband's separate assets in determining whether he has the ability to pay alimony. Contrary to Husband's argument, there is nothing in the trial court's order to indicate that the trial court awarded Wife $30,000 as a "back-door" division of Husband's inheritance. The

trial court did not order Husband to pay the alimony from his separate inheritance; rather, the court merely considered this asset in determining whether Husband has the ability to pay alimony. As such, there is no "back-door" division of separate property.

Concerning the trial court's award of Wife's attorney's fees and its upward modification of same on Wife's motion to alter or amend the final decree of divorce, the Tennessee Supreme Court has explained:

> [i]t is well-settled that an award of attorney's fees in a divorce case constitutes alimony *in solido*. The decision whether to award attorney's fees is within the sound discretion of the trial court. As with any alimony award, in deciding whether to award attorney's fees as alimony *in solido*, the trial court should consider the factors enumerated in Tennessee Code Annotated section 36-5-121(i) . . . . Such awards are appropriate only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses, . . . or the spouse would be required to deplete his or her resources in order to pay them. Thus, where the spouse seeking such an award has demonstrated that he or she is financially unable to procure counsel, and where the other spouse has the ability to pay, the court may properly grant an award of attorney's fees as alimony.

*Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011) (citations omitted). Again, we review an award of attorney's fees as alimony *in solido* under an abuse of discretion standard. *Mimms v. Mimms,* 234 S.W.3d 634, 641 (Tenn. Ct. App. 2007). Turning to the record, after Husband filed for divorce, Wife took out a loan to pay her attorney's fees. At the time of the hearing, Wife was unemployed due to her medical conditions. Wife submitted an affidavit from her attorney showing accrual of $29,441.28 in attorney's fees, at the time of the divorce hearing. Wife received $21,193.54 in the marital property division, only $116.99 of which was liquid assets. From the record, Wife has no other assets. Based on her age and health, Wife has few opportunities for gainful employment. As such, the trial court awarded her an additional $14,458.04 in alimony *in solido* for attorney's fees. Without this additional amount for attorney's fees, Wife would have to deplete most of her limited resources to pay her attorney's fees. Husband, on the other hand, has substantial assets, which provide him the ability to pay both his and Wife's attorney's fees.

Regarding the trial court's award of additional attorney's fees on Wife's motion to alter or amend, Husband argues that Wife failed to plead proper grounds for her motion to alter or amend and that the trial court made no finding that the award was reasonable. In her motion to alter or amend, Wife alleged that the attorney's fees awarded were "woefully inadequate, contrary to the proof at trial and results in a significant injustice to Wife." In its order denying in part and affirming in part, the trial court noted that "[a]fter consideration of Wife's arguments, the Court finds that Wife's request for an increase in

the amount of attorney's fees awarded to her is well taken." Husband argues that the trial court failed to make specific findings of fact in granting Wife's motion. However, from the trial court's orders and the record, the trial court implicitly found that Wife was in need of additional attorney's fees. The record shows that the trial court's initial award of attorney's fees was approximately one-half of the attorney's fees and litigation expenses set out in her attorney's affidavit of fees; i.e., $29,441.28. As discussed, *supra*, Wife has very limited assets and would be forced to deplete most of her resources to pay her attorney's fees. Furthermore, Husband has the ability to pay. In view of these circumstances, we conclude that the trial court didn't abuse its discretion in requiring Husband to pay $30,000 of wife's attorney's fees as alimony *in solido*. Husband will not be disadvantaged in doing so, and Wife will not have to deplete her limited resources.

## B. Attorney's Fees on Appeal

Both parties ask this Court to award their respective attorneys' fees and costs on appeal. Litigants must typically pay their own attorneys' fees absent a statute or agreement providing otherwise. *See **State v. Brown & Williamson Tobacco Corp.**,* 18 S.W.3d 186, 194 (Tenn. 2000). However, under proper circumstances, we may award attorney's fees incurred on appeal in a divorce case. ***Davis v. Davis***, 138 S.W.3d 886, 890 (Tenn. Ct. App. 2003). Our decision whether to award attorney's fees on appeal in a divorce case implicates the Tennessee Code Annotated section 36-5-121(i) factors used by the trial court to determine whether a spouse should receive an award for legal expenses incurred at the trial level. *See **Fox v. Fox***, No. M2004-02616-COA-R3-CV, 2006 WL 2535407 (Tenn. Ct. App. Sept. 1, 2006) (considering spouse's inability to pay legal expenses and determining that spouse was not required to liquidate limited assets to pay legal costs on appeal). Exercising our discretion, for the reasons discussed above, we decline to deviate from the trial court's findings that Wife is unable to pay her legal fees without depleting her assets, and that Husband has sufficient means to pay her attorney's fees. *See **Riggs v. Riggs***, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007). Accordingly, we grant Wife's request for appellate attorney's fees and remand the case to the trial court for determination of her reasonable and necessary appellate attorney's fees and for entry of judgment on same.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for determination of Wife's reasonable appellate attorney's fees, entry of judgment on same, and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Anthony C. Howell, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE