IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 14, 2020 Session

## RICHARD ALAN ELLIS v. DONICA ANN WOODS ELLIS

**Appeal from the Circuit Court for Shelby County**
**No. CT-000806-15  James F. Russell, Judge**

_____

### No. W2019-01869-COA-R3-CV

_____

This is the second appeal in this divorce case.  In ***Ellis v. Ellis***, No. W2017-02287-COA-R3-CV, 2019 WL 410704 (Tenn. Ct. App. Jan. 31, 2019), we vacated the trial court's award of alimony *in futuro* to Wife and its award of alimony *in solido* for Wife's attorney's fees.  Contrary to our mandate, on remand, the trial court failed to consider Wife's relative earning capacity in relation to the award of alimony *in futuro*.  Although the trial court affirmed its previous award of alimony *in solido*, it failed to consider payments Wife made from *pendente lite* support she received from Husband.  Accordingly, we modify the trial court's award of alimony *in futuro* to reflect Wife's earning capacity, and we modify the award of alimony *in solido* to reflect payments made from *pendente lite* support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed as Modified and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Darrell Drew Blanton, Memphis, Tennessee, for the appellant, Richard Alan Ellis.

Julie C. Bartholomew, Somerville, Tennessee, for the appellee, Donica Ann Woods Ellis.

### OPINION

### I. Background

This is the second appeal in this divorce case.  For purposes of consistency, we restate the relevant background facts from our first opinion, ***Ellis v. Ellis***, No. W2017-02287-COA-R3-CV, 2019 WL 410704 (Tenn. Ct. App. Jan. 31, 2019) ("***Ellis I***").  After

a thirty-seven year marriage, Appellant Richard Alan Ellis ("Husband") and Appellee Donica Ann Woods Ellis ("Wife") were divorced by order of October 23, 2017. At the time of the divorce, the parties were sixty years old. During the first ten years of marriage, Wife worked as a nurse and teacher. After the birth of the parties' second child, Wife maintained her nursing license but did not work outside the home. Husband works as a general surgeon with Methodist Medical Group.

The parties filed cross-complaints for divorce. By order of November 3, 2016, Husband was ordered to pay Wife $7,500.00 per month in *pendente lite* support. The trial court also ordered him to make a one-time payment of $6,000.00 towards Wife's attorney's fees. In its October 23, 2017 order, the trial court granted the divorce. The trial court ordered Husband to pay Wife $9,000.00 per month in alimony *in futuro*, and $121,873.81 in alimony *in solido* for Wife's attorney's fees. The trial court denied Wife's motion for discretionary costs. Husband appealed.

In ***Ellis I***, we addressed three substantive issues: (1) whether the trial court erred in awarding Wife alimony *in futuro* in the amount of $9,000.00 per month; (2) whether the trial court erred in awarding Wife $121,873.81 in alimony *in solido* for attorney's fees; and (3) whether the trial court erred in denying Wife's motion for discretionary costs. *Id.* at *2. In ***Ellis I***, we held that the trial court failed to make sufficient findings and failed to consider certain relevant factors in making its award of alimony *in futuro* and alimony *in solido*. Concerning the trial court's award of alimony *in futuro*, the ***Ellis I*** Court concluded that the trial court "failed to consider its other findings that Wife could 'reasonably re-enter the employment market' and 'is capable of earning a reasonable income as a nurse based on her education, training and background' even though Wife stated she had no intention of returning to work." *Id.* at *4. Accordingly, we vacated the trial court's award of alimony *in futuro* and remanded for "the trial court [to] consider the evidence regarding the range of Wife's reasonably anticipated income." *Id.* at *5. As to the trial court's award of alimony *in solido*, the ***Ellis I*** Court held that the trial court failed to consider the factors set out in Tennessee Code Annotated section 36-5-121(i) and Tennessee Supreme Court Rule 8, RPC 1.5. As such, we also vacated the trial court's award of $121,873.81 in alimony *in solido* and remanded "for a new determination as to whether Wife should be awarded her attorney's fees and, if so, the reasonableness of such fee award, with findings by the trial court reflecting that it considered all of the factors . . . applicable case law." *Id.* at *7. Finally, in ***Ellis I***, we held that the trial court's denial of Wife's motion for discretionary costs was "improper because the trial court's initial denial of such costs in its findings of fact and conclusions of law and final decree was premature." *Id.* We remanded the issue to the trial court for consideration on the merits.

On remand from ***Ellis I***, the trial court conducted a hearing on August 21, 2019, but no additional proof was adduced. Prior to the hearing, Wife submitted two affidavits regarding the reasonableness of her attorney's fees. Husband offered no additional or

countervailing proof. On August 30, 2019, the trial court issued its Memorandum Opinion and Order on Remand. Regarding the award of alimony *in futuro*, the trial court found that Wife is economically disadvantaged. Despite the fact that she maintains a valid nursing license, the trial court found that "Wife's return to the workplace and ability to earn income as a nurse at this stage in her life is not a realistic or feasible opportunity." After considering the statutory factors set out at Tennessee Code Annotated section 36-5-121(i), the trial court found that Wife's monthly needs, excluding her federal income taxes, are $8,000.00. The trial court concluded that Husband's monthly income of $29,000.00 allows him the ability to pay Wife $8,000.00 per month in alimony *in futuro*. Based on these findings, the trial court reduced its award of alimony *in futuro* from $9,000.00 to $8,000.00 per month. Notably, the trial court's August 30, 2019 order is silent as to Wife's reasonable earning capacity.

In addressing the award of alimony *in solido*, the trial court found that Wife's share of the marital estate was comprised primarily of non-liquid and non-income producing assets; as such, the trial court concluded that Wife lacked sufficient funds to pay her legal expenses and would be required to deplete her resources to "make even partial payment of her legal fees and expenses." Furthermore, the trial court found that Husband has the ability to pay and the greater ability to absorb these costs. The trial court considered the factors outlined at Tennessee Code Annotated section 36-5-121(i) and held that "an award to Wife of her reasonable attorney's fees incurred as alimony *in solido* is appropriate and should be entered." Regarding the reasonableness of her attorney's fees, the trial court applied the factors set out in Tennessee Supreme Court Rule 8, RPC 1.5 and concluded that

> Husband did not present any challenge to the reasonableness of Wife's attorney's fees by filing countervailing Affidavits, did not request an evidentiary hearing on Wife's attorney's fee request, and did not object on the record to the reasonableness of the amount sought and awarded. It has been Husband's contention that any award of Wife's fee would be inappropriate considering she received in excess of 72% of the marital estate. The Affidavits recently filed by Wife support the foregoing conclusions as set forth, and Husband's contention is simply not well taken.

Based on these findings, the trial court affirmed its previous award of $121,873.81 in alimony *in solido* to Wife.

Finally, the trial court trial court considered Wife's motion for discretionary costs. The trial court explained that "neither party submitted a request for an award of any other litigation expenses, such as court reporter fees, expert fees, or other incurred costs," and it concluded that

[w]hile the Court considers the specific expenses as set forth in the motion to be reasonable and necessary, the Court remains of the considered opinion that each party individually should be required to sustain the burden of such expenses. At the time of trial the Court was (and still is) of the considered opinion that neither party was a "prevailing party" as that term is used in the context of Rule 54.04(1) of the Tennessee Rules of Civil Procedure. The Wife's Motion For Discretionary Costs is not well taken and should be and is denied.

Husband appeals.

## II. Issues

Based on Husband's statement of the issues for review, we perceive that there are two dispositive issues:

1. Whether the trial court erred in awarding Wife alimony *in futuro* in the amount of $8,000 per month.

2. Whether the trial court erred by awarding Wife her attorney's fees as alimony *in solido* in the amount of $121,873.81.

In the posture of Appellee, Wife asks this Court to award her attorney's fees and costs accrued in defense of the appeal.

## III. Standard of Review

This case was tried by the court sitting without a jury. As such, we review the trial court's findings of fact *de novo* on the record with the presumption that those findings are correct, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). The evidence preponderates against a trial court's finding of fact when it supports another finding of fact with greater convincing effect. ***Kephart v. Kephart***, 520 S.W.3d 563, 567 (Tenn. Ct. App. 2016). We review the trial court's conclusions of law *de novo* with no presumption of correctness. ***Gonsewski v. Gonsewski***, 350 S.W.3d 99, 105-106 (Tenn. 2011); ***Hyneman v. Hyneman***, 152 S.W.3d 549, 553 (Tenn. Ct. App. 2003).

The issues in this appeal concern the trial court's award of alimony *in futuro* and alimony *in solido*. A trial court's decision whether to award alimony is reviewed under an abuse of discretion standard. ***Cain-Swope v. Swope***, 523 S.W.3d 79, 94 (Tenn. Ct. App. 2016). Under this standard of review, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." ***State v. Scott***, 33 S.W.3d 746, 752 (Tenn. 2000); ***State v. Gilliland***, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or

- 4 -

reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001) (citing ***State v. Shirley***, 6 S.W.3d 243, 247 (Tenn. 1999)). Accordingly, appellate courts are not permitted to "second guess" the trial court's determinations or to substitute their judgment for that of the trial court. *See **Lee Medical, Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010). "The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny." ***Id.***

## IV. Analysis

## A. Alimony *in Futuro*

We first address Husband's argument that the trial court erred in awarding Wife $8,000.00 per month in alimony *in futuro*. Tennessee Code Annotated section 36-5-121 authorizes courts to award alimony in divorce cases "to be paid by one spouse to or for the benefit of the other, or out of either spouse's property, according to the nature of the case and the circumstances of the parties." Tenn. Code Ann. § 36-5-121(a). Trial courts are directed to consider the following factors when determining whether alimony is appropriate and in determining the nature, amount, length of term, and manner of payment:

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-121(i). Of these factors, the disadvantaged spouse's need and the obligor spouse's ability to pay are the most important, and "the disadvantaged spouse's need is the threshold consideration." *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007) (citations omitted).

In *Ellis I*, we vacated the trial court's award of alimony *in futuro* based on the following analysis:

First, as noted in the portion of its findings of fact and conclusions of law . . . the trial court . . . awarded Wife $9,000 per month of alimony *in futuro*, notwithstanding its finding that Wife's monthly need was "something in the neighborhood of $8,000." Moreover, the trial court, in making its alimony award, failed to consider its other findings that Wife could "reasonably re-enter the employment market" and "is capable of earning a reasonable income as a nurse based on her education, training and background" even though Wife stated she had no intention of returning to work. The trial court based these findings on the reports and testimony provided by both Husband's and Wife's vocational experts. Husband's expert testified at trial and provided in his report that, if Wife re-entered the employment market as a registered nurse, she could earn at least $24.10 per hour or $4,177 per month in income. Wife's expert testified that Wife could earn at least $13.42 per hour or $2,326 per month. In determining the amount of alimony *in futuro* to award Wife, however, the trial court did not factor in these wage ranges provided by both parties' experts, despite the fact that the relative earning capacity of both parties is one of the statutory factors the trial court must consider when calculating such an award. *See* Tenn.

Code Ann. § 36-5-121(i)(1). This Court has observed that, after the trial court has determined an amount of income "which will provide for the wife to live in the manner to which she became accustomed during the marriage[, f]rom this amount should be subtracted her reasonably anticipated income[.]" ***Duncan v. Duncan***, 686 S.W.2d 568, 572 (Tenn. Ct. App. 1984).

In addition to the above considerations, which should have been taken into consideration by the trial court, we are compelled to note that the nature of the alimony awarded was itself without a proper factual foundation. Namely, it does not appear that the trial court ever specifically found that Wife's economic rehabilitation was not feasible.

***

The trial court, of course, is not foreclosed from awarding Wife long-term support, but any such award should be supported by proper findings and consideration of the relevant alimony factors. In reference to Wife's needs, we again note that the trial court's own findings established that Wife's needs are "something in the neighborhood of $ 8,000." We further reiterate that the trial court must consider the evidence regarding the range of Wife's reasonably anticipated income. We, therefore, vacate the trial court's award of alimony *in futuro* and remand the issue for further proceedings consistent with this opinion.

***Ellis I***, at *4-5 (footnote omitted).

On remand, the trial court considered the statutory factors set out in Tennessee Code Annotated section 36-5-121(i) and determined that an award of alimony *in futuro* is appropriate. On appeal, neither party disputes the type of alimony awarded, and the evidence supports the trial court's finding that Wife will not be able to support herself at any level near that enjoyed during the marriage. As such, we agree that an award of alimony *in futuro* is appropriate in this case. Upon review of the record, however, the trial court erred in its determination of the amount of the alimony *in futuro*.

On remand, the trial court found that Wife's need was $8,000.00 per month, which was $1,000.00 less than the original award. From our review, the trial court's downward modification of Wife's alimony *in futuro* was based, in part, on a change in federal tax law. However, contrary to our mandate in ***Ellis I***, the trial court's adjustment of the alimony amount did not account for Wife's relative earning capacity. Instead of considering the salary ranges provided by the parties' respective vocational experts as directed by this Court in ***Ellis I***, under its analysis of Tennessee Code Annotated section 36-5-121(i)(1), the trial court explained that

- 7 -

> Husband has a superior earning capacity as a surgeon compared to Wife, who has not been employed since 1989. Husband has far better opportunities to accumulate assets in the future, and Husband's other financial resources, including income from retirement plans and limited partnership income, significantly exceed those of Wife, who received only $10,990.00 in principal deposits in her retirement accounts and no other income producing assets.

While it may be true that Husband has "better opportunities to accumulate assets in the future," such finding fails to account for Wife's relative earning capacity. Furthermore, insofar as the *Ellis I* Court did not disturb the trial court's factual findings pertaining to Wife's ability to re-enter the employment market, the trial court's factual finding on remand, *i.e.*, that "Wife's return to the workplace and ability to earn income as a nurse at this stage in her life is not a realistic or feasible opportunity," is inconsistent with the trial court's original factual findings, *i.e.*, that Wife could "reasonably re-enter the employment market" and "is capable of earning a reasonable income as a nurse based on her education, training and background." Because no new proof was offered on remand, these inconsistencies indicate that the trial court attempted to modify its prior findings without additional proof. This, it cannot do.

When a trial court finds that a disadvantaged spouse is capable of earning a reasonable income, a trial court must consider and adjust an alimony award accordingly. *See Pearson v. Pearson*, No. W2018-01188-COA-R3-CV, 2019 WL 2394247, at *7-8 (Tenn. Ct. App. June 6, 2019). In *Pearson*, which cites *Ellis I*, we concluded that a trial court errs when it fails to consider a disadvantaged spouse's earning capacity, to-wit:

> **[t]he sole distinction between the instant appeal and *Ellis* is that, in *Ellis*, the trial court did not make a specific finding concerning wife's earning capacity**; rather, the court failed to "factor [the] ranges [of wife's earning capacity] provided by both parties' experts." . . . The error here is the same as that in *Ellis*, *i.e.*, the trial court failed to consider the disadvantaged spouse's earning capacity.

*Id.* at *8 (citation omitted) (emphasis added). Unfortunately, on remand, the trial court did not cure its initial failure to consider Wife's earning capacity—this despite the *Ellis I* Court's instruction for the trial court to "consider the evidence regarding the range of Wife's reasonably anticipated income." *Ellis I*, 2019 WL 410704, at *5. Accordingly, we will do so now. Again, no new evidence was adduced on remand. Wife's expert testified that Wife could earn at least $13.42 per hour or $2,326 per month in income,[1] and Husband's expert testified that if Wife re-entered the employment market as a

---

[1] Wife's expert testified that the low wage range for a registered nurse in the Memphis, Tennessee area is even higher at $ 15.62 per hour—or $ 32,490 per year.

registered nurse, she could earn at least $24.10 per hour or $4,177 per month.  In view of the totality of the circumstances, including Wife's age, work experience, the number of years she has not worked outside the home, and the training she will need to re-enter the workforce, we conclude that Wife's expert's testimony is a truer representation of Wife's relative earning capacity than the proof offered by Husband's expert.  Therefore, we adopt Wife's expert's opinion that Wife is capable of earning $2,326.00 per month.  We leave undisturbed the trial court's finding that Wife has monthly need of $8,000.00.  Accordingly, the trial court's order is modified to reflect an award of $5,674.00 per month in alimony *in futuro*, i.e., Wife's need of $8,000.00 less her monthly earning capacity of $2,326.00 per month.  Our modification of the alimony *in futuro* award is to be applied prospectively on remand.

## B. Alimony *in Solido*

We next turn to Husband's argument that the trial court erred in awarding Wife $121,873.81 in alimony *in solido* for her attorney's fees.  The Tennessee Supreme Court has explained that:

> It is well-settled that an award of attorney's fees in a divorce case constitutes alimony *in solido*. The decision whether to award attorney's fees is within the sound discretion of the trial court.  As with any alimony award, in deciding whether to award attorney's fees as alimony *in solido*, the trial court should consider the factors enumerated in Tennessee Code Annotated section 36-5-121(i). A spouse with adequate property and income is not entitled to an award of alimony to pay attorney's fees and expenses.  Such awards are appropriate only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses or the spouse would be required to deplete his or her resources in order to pay them.  Thus, where the spouse seeking such an award has demonstrated that he or she is financially unable to procure counsel, and where the other spouse has the ability to pay, the court may properly grant an award of attorney's fees as alimony.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011)) (citations omitted).  As with any alimony *in solido* award, the two most important considerations are the need of the requesting spouse and the ability of the other spouse to pay.  *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001).

Based on the distribution of the marital estate, Husband contends that Wife can afford to pay her own attorney's fees.  In the alternative, Husband contends that, even if Wife is entitled to her attorney's fees, the award should be decreased by the amount of those fees Wife has already paid.  In short, Husband asks this Court to reverse the trial court's award of alimony *in solido*; however, if we affirm the award, he asks us to reduce

- 9 -

the amount of the award to $91,873.91, i.e., $121,873.81 in attorney's fees less the $30,000.00 Wife has paid.

Turning to the record, Wife was awarded primarily non-liquid and non-income producing assets as her share of the marital property. In addition to the marital home, Wife was awarded $84,935.00 in assets, of which $10,990.00 consisted of retirement accounts that would accrue significant penalties on early withdraw. Ostensibly, then, Wife has liquid assets of $73,945.00 available. Wife submitted an affidavit from her attorney showing 425.6 hours of services at a rate of $300.00 per hour with an additional $193.81 in expenses, for a total billing of $127,873.81. Husband did not offer any countervailing evidence concerning the reasonableness of Wife's attorney's fees.

On remand, the trial court found, in relevant part, that

> Wife lacks sufficient funds to pay her legal expenses and would be required to deplete her resources in order to make even partial payment of her legal fees and expenses. . . . The Court further finds that Husband has the ability to pay Wife's attorney fees and the greater ability to absorb those costs.

In reviewing the trial court's conclusions, we find guidance in the recent opinion from this Court in *Diffie v. Diffie*, No. M2018-00267-COA-R3-CV, 2019 WL 1785683 (Tenn. Ct. App. 2019). In *Diffie*, a case factually analogous to the instant appeal, we affirmed a trial court's decision to award the wife alimony *in solido* as attorney's fees after determining that

> [a]lthough Wife was awarded a larger share of the marital estate, the bulk of what she received consisted of the marital residence, which is not an income-producing asset. Moreover, the trial court found that Husband had the ability to pay his attorney's fees whereas Wife did not, and without an award of alimony *in solido*, Wife would be forced to sell the marital residence to pay for her attorney's fees and expert witness expenses, thereby undercutting the reason for awarding her the residence.

*Diffie*, 2019 WL 1785683, at *14. Likewise, here, Wife's primary share of the marital estate was the marital residence. As discussed above, the liquid assets Wife received are insufficient to cover her legal expenses without selling the marital home. Given their respective work histories and current prospects, Husband clearly has the ability to pay all of the attorney's fees accrued in this case; Wife does not. Accordingly, Wife is entitled to some amount of alimony *in solido* for attorney's fees. We now turn to the question of whether the trial court's award of $121,873.81 should be reduced by the $30,000.00 Wife paid toward this amount from her *pendente lite* support.

- 10 -

In its Memorandum Opinion and Order on Remand, the trial court found that

> Wife's payments to her attorney while the divorce was pending came from her separate support funds, which was her only source of income, and were not paid from marital property. Under these circumstances, it would be inequitable to relieve Husband from payment of that portion of Wife's attorney's fees that Wife paid from her separate support funds. Based upon the relevant statutory factors that the Court must consider they favor an award of alimony *in solido*, and it is proper to assess Husband with payment of the total amount of Wife's reasonable attorney's fees, less a credit for his earlier $6,000.00 payment.

We disagree. As noted above, Wife received $7,500.00 per month in *pendente* lite support, which allowed Wife the ability to pay $30,000.00 of her attorney's fees. So, in the first instance, at the time it made its award of alimony *in solido*, Wife did not owe the amount she was awarded, i.e., $121,873.81. She owed $91,873.81. To charge Husband with the full amount of fees, i.e., $121,873.81, would be inequitable in view of the fact that the *pendente* lite support he paid to Wife was used to pay a portion of her attorney's fees. Accordingly, we modify the amount of the alimony *in solido* award to $91,873.81.

## V. Attorney's Fees on Appeal

Wife asks this Court to award her attorney's fees and costs on appeal. Litigants must typically pay their own attorneys' fees absent a statute or agreement providing otherwise. *See State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). However, under proper circumstances, we may award attorney's fees incurred on appeal in a divorce case. *Davis v. Davis*, 138 S.W.3d 886, 890 (Tenn. Ct. App. 2003). Our decision whether to award attorney's fees on appeal in a divorce case implicates the statutory factors set out at Tennessee Code Annotated section 36-5-121(i), which are the same factors used by the trial court to determine whether a spouse should receive an award for legal expenses incurred at the trial level. *See Fox v. Fox*, No. M2004-02616-COA-R3-CV, 2006 WL 2535407 (Tenn. Ct. App. Sept. 1, 2006). When this Court considers whether to award attorney's fees on appeal, we must also be mindful of "the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered." *Parris v. Parris*, No. M2006-02068-COA-R3-CV, 2007 WL 2713723, at *13 (Tenn. Ct. App. 2007) (citations omitted). Given the equities between the parties, our modifications to the trial court's order, and all relevant statutory factors, we conclude that Wife has the ability and means to bear her own appellate costs, and we exercise our discretion to respectfully deny Wife's request for same.

## V. Conclusion

For the foregoing reasons, the trial court's order is modified as follows. Husband's *alimony in futuro* obligation is reduced to $5,674 per month, prospective from the date of entry of our judgment. Husband's alimony *in solido* obligation is reduced to $91,873.81. The trial court's order is otherwise affirmed, and the case is remanded for entry of judgment reflecting our modifications and for such further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are assessed one-half to the Appellee, Donica Ann Woods Ellis, and one-half to the Appellant, Richard Alan Ellis, for which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE